# Louisville & Nashville Railroad Co. *v.* Watson.

*Action for Damages by Brakeman, for Personal Injuries.*

1. *Contributory negligence in coupling cars.*—A brakeman on a railroad who, in attempting to couple cars, goes in between them, and uses his hands instead of a coupling stick, in violation of a rule of the company, of which he has notice, is guilty of such contributory negligence as will defeat a recovery of damages on account of injuries sustained, unless the defense is avoided by proof of gross negligence on the part of the employees in charge of the moving cars; that is, their failure to use ordinary care when knowing his danger, whereby the injury might have been averted, or such negligence as is the legal equivalent of recklessness, wantonness, or intentional wrong.

2. *Same; gross negligence avoiding contributory negligence.*—When the plaintiff sues for damages on account of personal injuries sustained as a brakeman on a railroad, in attempting to couple cars in the discharge of his duties, and the evidence shows that he was guilty of contributory negligence, going in between the cars and attempting to make the coupling with his hands, in violation of a rule of the company, of which he had notice; he may nevertheless recover, when the evidence further shows that the engineer, knowing his position and danger, failed to use ordinary care to avoid injury, and forced the cars together with unnecessary force, giving him no opportunity to escape.

3. *Charge as to weight of evidence, as affected by interest of witness.* A charge which instructs the jury that it is their duty to give more weight to the testimony of a disinterested witness, than one who is interested, or a party testifying in his own behalf, is properly refused, since the jury may believe one witness, and disbelieve another, without regard to their interest in the case.

4. *Limitation of action; statutory computation of time.*—Under the statutory rule for the computation of time (Code, § 11), an action for personal injuries received on the 13th April, commenced on the 13th April of the next year, is not barred by the statute of limitations of one year.

5. *To what witness may testify.*—Plaintiff, testifying as a witness for himself, as to personal injuries received while attempting, in the discharge of his duties as a brakeman on the defendant's railroad, to couple cars, may state that the engineer "backed the engine against the car with more force than was necessary."

APPEAL from the City Court of Birmingham.

Tried before the Hon. H. A. SHARPE.

This action was brought by Henry B. Watson, against the appellant corporation, to recover damages for personal injuries

sustained by plaintiff, while endeavoring to couple cars in the discharge of his duties as brakeman on the defendant's road; and was commenced on the 13th of April, 1889. The cause was tried on issue joined on the pleas of not guilty, contributory negligence, and the statute of limitations of one year. The evidence showed that the injuries were received on the 13th April, 1888, and necessitated the amputation of one of plaintiff's arms. The jury awarded him $4,000 as damages. On the trial, the defendant reserved exceptions to, several rulings on evidence, and also to the refusal of twenty charges asked, and these several rulings are here assigned as error.

HEWITT, WALKER & PORTER, for appellant.

E. T. TALIAFERRO, contra.

McCLELLAN, J.—The appellee, plaintiff below, was a brakeman in the employ of the appellant, defendant below. The action is for personal injuries sustained by the plaintiff while he was endeavoring, in the line of his employment and duty, to couple a freight car to the tender of a locomotive belonging to the defendant and operated by its employès. The evidence is without conflict to the point, that had the plaintiff used a coupling stick, the injury would not have been suffered. It is also uncontroverted, that a rule of the defendant company required the use of these sticks in all cases, and forbade brakemen to couple cars without using them. The evidence is in conflict as to whether plaintiff had knowledge of this rule; and this question was properly submitted to the jury. Notice of the existence of the rule, and a failure to comply with it, in respect to the coupling in making which the injury was received, constitutes negligence on the part of the plaintiff, so contributing to the injury sustained as to afford a complete defense to this action, if its *gravamen* be mere negligence on the part of defendant's servants.—*Ga. Pac. Railway Co. v. Propst*, 83 Ala. 518.

But contributory negligence is not a defense where the defendant's servants knew of the plaintiff's peril, and could have avoided the injury, notwithstanding the negligence of the plaintiff, by the use of ordinary care, or where the injury is inflicted with such gross negligence on the part of defendant's employès as to be the legal equivalent of recklessness, wantonness, or intentional wrong.—*Tanner v. L. & N. R. R. Co.*, 60 Ala. 621; *Cook v. Central R. R. Co.*, 67 Ala. 533; *Ga. Pa. R. R. Co. v. O'Shields, ante, p.* 29.

The case at bar, in our opinion, involves both these princi-

ples. The tendencies of the evidence as to controverted facts, taken in connection with facts which are undisputed, authorized the jury to reach the following conclusions: The cars to be coupled were within twelve inches of each other. Defendant's engineer knew that plaintiff was between them for the purpose of making the coupling, that he had no coupling stick, and, consequently that he must make the coupling by hand. He must have known, also, that the safety of this operation depended upon the tender being moved back so slowly as to give time for the withdrawal of plaintiff's hand, after the link attached to it had been guided into the draw-head of the other car, and before the draw-heads came together: It was entirely practicable for the engineer to have so moved the locomotive and tender as to have conserved plaintiff's safety, despite the negligence of the latter, by gently pulling the lever of the engine; but, instead of doing this, he moved the lever suddenly and entirely over, and thereby caused the locomotive and tender to "jump back a foot", so instantaneously as to give the plaintiff no time to withdraw his hand from between the draw-heads, and avert the disaster. We have no hesitancy in holding that these facts, if found to exist by the jury—and there was evidence either proving or legitimately tending to prove each one of them—brought the case within the exception to the rule, that a plaintiff can not recover if his own negligence proximately contributed to the injury. Manifestly it was the part of ordinary care, under all the circumstances, for the engine to have been moved back as slowly as practicable; manifestly, also, in view of his knowledge of plaintiff's peril, and of the practicability of averting it, the act of the engineer in causing the engine to "jump back" against the other car with a suddenness which he must have known would afford plaintiff no opportunity to extricate himself, "was so wanton and gross as to imply a willingness to inflict the injury", which may always be imputed to the defendant if he, knowing plaintiff's negligence, might notwithstanding have avoided injuring him.—*I. C. R. R. Co. v. McClure*, 26 Ind. 373.

All of the charges requested by the defendant, except those hereinafter considered, either authorized or required the jury to find for defendant, because of plaintiff's contributory negligence, notwithstanding they should also believe that the injury was recklessly, wantonly or willfully inflicted, or could have been avoided by the observance of due care on the part of the engineer after he became aware of plaintiff's peril. All of these charges were properly refused, under the doctrines considered above.

Charge 4, requested by defendant, is bad. It can never be

affirmed, as a matter of law, that it is the duty of the jury to give more weight to the evidence of one witness than they accord to another, on the ground of interest in the one, and a lack of it in the other. On the contrary, it is always competent for the jury to believe or disbelieve a witness, wholly irrespective of any interest he may or may not have in the litigation. Moreover, both this and charge 9 were properly refused, because they were abstract. There is no evidence in this record on the question of the witness Smith's interest in the suit.

Charge 1, which asserts that the jury were not authorized to find that the defendant's engineer was guilty of either reckless, wanton or intentional negligence, proceeds on the assumption, that there was no evidence tending to show that the engineer acted willfully or recklessly. The assumption is, as we have seen, erroneous, and the charge was properly refused.

Charges 14 and 15, which assert that an action commenced on April 13, 1889, for damages resulting from a personal injury received on April 13, 1888, is barred by the statute of limitations of one year, are patently bad, in view of the statutory rule as to the computation of time.—Code, §11.

We do not think that the court erred in over-ruling defendant's motion to exclude from the jury plaintiff's statement, made as a witness, that the engineer "backed the tender against the car with more force than was necessary." This was but an inference necessarily involving the facts that the tender was to be moved, or that the space between the cars was only a few inches, and that the momentum imparted to the locomotive and tender carried them beyond that distance; and the form of the statement is only a short-hand rendering of these facts.—*S. & N. R. R. Co. v. McLendon*, 63 Ala. 266; *Carney v. State*, 79 Ala. 14; 1 Wheat. Ev. §510.

We have examined all the rulings of the City Court upon which errors are assigned, and discussed in the foregoing opinion such of them as are insisted upon in argument. We find no error in the record, and the judgment is affirmed.