# THE METROPOLITAN RAILROAD COMPANY

*v.*

# JONES.

Negligence; Damages; Evidence; Street Railways; Witnesses, Credibility of.

1. One cannot escape the consequences of his own negligence merely because another person, with whom he has no connection, or over whom he has no control, may have contributed to the injury complained of by a wrongful or negligent act.

2. In an action against a street railway company for damages for personal injuries alleged to have been caused by the sudden starting of a car while the plaintiff was attempting to alight, by means of which he was thrown to the ground, evidence showing a crowded condition of the car at the time, is relevant as tending to show whether the plaintiff was negligent in attempting to leave the car, and also whether the conductor should, on that account, have used greater care in allowing the passengers to alight.

3. When a street car is in motion it is the duty of a passenger, desiring to alight, to give notice of his desire to the conductor, whose duty it is then to cause the car to be stopped at the proper place.

4. But when a car has been stopped to let off and take on passengers at a crossing, it is the conductor's duty to ascertain what passengers intend to alight, and to hold the car long enough to enable them to alight in safety, by exercising reasonable diligence, and not to start the car again until the last one has left it.

5. The refusal of a trial court to grant a prayer for instruction directing the attention of the jury to the pecuniary interest of the plaintiff in the case, and advising them to receive her testimony "with great caution, as not entitled to the same weight and degree of credibility as the testimony of a disinterested witness whose veracity has not been impeached," is not error. There is no rule of law which gives one competent witness greater weight than another.

No. 51.    Submitted June 12, 1893.—Decided September 21, 1893.

Hearing on a motion by the defendant for a new trial on a bill of exceptions, in an action brought to recover damages for personal injuries. *Judgment affirmed.*

THE COURT in its opinion stated the case as follows:

This is an appeal by defendant from a judgment for $1,500 recovered by plaintiff in an action for injuries received by her April 1, 1888, in attempting to alight from one of defendant's horse cars in the city of Washington.

The evidence on behalf of plaintiff tended to show that the car on which she was a passenger stopped at the corner of Tenth and F streets, to let off and take on passengers; that as soon as the car stopped she made her way out as rapidly as the crowded condition of the car and platform and her advanced age—seventy-four years—would reasonably permit; that while she had one foot on the lower step and was in the act of putting the other to the ground, the car was suddenly started; that she was thrown violently down, and her leg broken above the ankle; that her limb was set and left in plaster for two months, after which she had to use crutches for seven or eight months, and at the time of the trial was not entirely recovered.

Defendant's evidence tended to show that plaintiff was negligently slow in getting out, and that she was not thrown down by the starting of the car, but was pushed out by a passenger who entered just as she was going down the step. The court having overruled defendant's motion for a new trial, it has appealed.

*Mr. Nathaniel Wilson* and *Mr. Wm. G. Johnson* for the plaintiff in error:

1. The combined effect of the rulings of the court below was, that the defendant in error was not limited to the particular negligence alleged in her declaration, and sought to be shown in her proof, namely, the *premature starting* of the car, but that if the jury should find that the *crowded condition of the car* was the cause of the injury, she could recover. The general rule, applicable to actions upon contracts, that a party can no more recover upon a case proved, but not alleged, than upon a case alleged and not proved, is equally

applicable to cases arising in tort. The plaintiff in error was entitled to have the issue of whether or not the defendant in error was thrown from the car by the negligence of the conductor or driver in starting the car, or was pushed therefrom by a person not under the control of the plaintiff in error, submitted to the jury, unembarrassed by any other question. To embrace any other question of negligence under the pleadings was error in the trial justice. *Marquette &c. R. R.* v. *Marcott*, 41 Mich., 433 ; *Flint & Pere Marquette Ry.* v. *Stark*, 38 Mich., 714, 719, 720 ; *Chicago & Alton R. R.* v. *Robinson*, 8 Bradw., 140, 145 ; *Edens* v. *Hannibal & St. J. R. R.*, 72 Mo., 212, 213 ; *Waldheir* v. *Hannibal & St. J. R. R.*, 71 Mo., 514, 516 ; *Buffington* v. *A. & P. R. R.*, 64 Mo., 246, 248.

2. The court below erred in refusing to charge the jury as prayed by the plaintiff in error that the defendant in error was bound to give notice of her intention to leave the car if the circumstances were such at the time that the conductor could not know of her intention.

3. The court below also erred in refusing to instruct the jury as to the proper weight to give to testimony of the defendant in error and in unduly accentuating the same.

*Messrs. Shellabarger & Wilson* and *Mr. A. A. Hoehling, Jr.*, for the defendant in error, in their brief cited the following authorities : *Harmon* v. *R. R. Co.*, 18 D. C., 255 ; *Railway Co.* v. *Smith*, 90 Ala., 60 ; Thompson on Carriers, 443 ; *Poulin* v. *Railroad Co.*, 61 N. Y., 621 ; *Nichols* v. *Railroad Co.*, 38 N. Y., 131 ; *Railroad Co.* v. *Mumford*, 3 Am. & Eng. Railroad Cas., 312 ; *Colt* v. *R. R. Co.*, 23 N. Y. Superior, 189 ; *Railroad Co.* v. *Hendricks*, 26 Ind., 228 ; Shearman & Redfield on Neg., (4 ed.) Sec. 508 ; *Texas* v. *Chiles*, 21 Wall., 488 ; *R. R. Co.* v. *Pollard*, 22 Wall., 341.

Mr. Justice SHEPARD delivered the opinion of the Court:

The errors assigned embrace three propositions which will be considered in their order.

1. The first error assigned is, that "the court erred in directing the jury that they might find a verdict for plaintiff, without finding as a fact the specific negligence alleged in the declaration to have been committed, but upon evidence of other negligence not alleged."

It is unquestionably true, as claimed by appellant, that where a distinct charge of negligence is made, the right to recover must depend upon the proof thereof, and no recovery can be had upon any other ground not alleged in the declaration. *Flint & Pere Marquette Ry. Co.* v. *Stark*, 38 Mich., 714; *Edens* v. *Hannibal & St. Jo. R. R.*, 72 Mo., 212.

The allegation of the declaration in this case is, that "the driver and conductor so carelessly, negligently and unskilfully drove and managed said car that afterwards, and whilst the said plaintiff was in the act of alighting from and leaving said car, which had stopped for that purpose, etc.; . . . she using at the time proper care and caution, and without any negligence or carelessness on her part, by and through the mere carelessness, negligence, unskilfulness and misconduct of the said driver and conductor, and without any warning to the said plaintiff said car was suddenly started and put in motion whereby the said plaintiff was violently thrown to the ground," etc.

It is claimed that the special prayers given at the request of plaintiff, and the general charge of the court, permitted the jury to find for the plaintiff if they should believe that the crowded condition of the car was the cause of the accident, irrespective of the fact that the fall may have been proximately caused by the push of another passenger, and not by the negligent starting of the car at all.

If this assumption of the effect of the instructions to the jury be correct, the contention of the appellant would be sound; for we cannot hold with the appellee that this specific act of negligence is within the allegations of the declaration above quoted.

A careful examination of the charge and special instructions, however, we think shows that the court intended to;

and did, limit plaintiff's right of recovery to proof of the neg-
ligent starting of the car as she attempted to alight, and that
the jury were not misled by the expressions with respect to
its crowded condition.

While not expressed as clearly as it might have been, it
nevertheless appears plainly enough that the crowded con-
dition of the car was referred to only as bearing upon the
question of plaintiff's own negligence in the delay attending
her attempt to get out as well as that of the conductor in fail-
ing to observe her situation, which is included in the charge
of his negligence in starting the car too soon.

The charge of the court is too lengthy to be copied in full,
but at the risk of unnecessary prolixity, we will state its sub-
stance fully, quoting its precise language where necessary
only, in order that the question may be fairly presented and
considered.

In the beginning, the issues are fairly stated, and plaintiff's
right to recover is made wholly to depend upon proof of the
charge that she was thrown from the car by its negligent
starting while she was in the act of alighting.

The court then read to the jury two special prayers of the
defendant, in substance as follows: 1st. If from all the evi-
dence the jury shall find the plaintiff's injuries were caused
by her being thrown, or pushed, from the car by a person who
was attempting to get on, and not by the sudden starting of
the car while plaintiff was in the act of alighting, she is not
entitled to recover. 2d. If the jury believe plaintiff was
pushed from the car by a person not an agent of defendant,
under such circumstances that defendant, by the exercise of
reasonable care, could not have prevented it, then she cannot
recover. The first of these prayers was given with this quali-
cation: "I do not desire you to get the understanding that if
she was pushed, and at the same time the car started, and
that both contributed to throw her from the car, that would
excuse the defendant. It would not excuse the defendant if
the starting of the car was responsible in whole or in part for
her fall while attempting to alight."

This qualification was correctly made.   One cannot escape the consequences of his own negligence merely because another person, with whom he has no connection, or over whom he has no control, may have contributed to the injury by his wrongful or negligent act.

The court then said to the jury: "A good deal has been said in this case about the car being crowded.   Upon that subject I advise you that if the defendant did permit its car to be so crowded with passengers that egress was difficult, and necessarily slow, then it was its duty to take that into consideration and to allow more time, if necessary, for passengers to alight, and to watch, if necessary, still more closely, to see that passengers who were trying to alight had a reasonable opportunity to do so."   The fourth prayer of the plaintiff was then read as follows: " If from the evidence in this case, the jury believe that the crowded condition of the car on its rear platform, from which the plaintiff attempted to alight at the time she was injured, so obstructed her exit from the car as to cause a delay in her exit of such character and extent as that, in the absence of such delay, the jury believe she would have safely alighted from the car and avoided the fall which caused her injury, then the defendant is liable for such condition of the car and platform which caused said delay."

Following immediately upon this, the court read the defendant's fifth special prayer as follows: " If the jury shall find from the whole evidence that on the occasion described in the declaration, the interior of plaintiff's car and the platform were crowded with passengers, that fact did not excuse the plaintiff from the exercise of reasonable care in leaving the car, but did require her to exercise a degree of care proportionate to the danger attending the getting out of the car while in a crowded condition."

Having read these, the court addressed the jury thus: " I cannot perhaps find a better occasion than right here to say what I want to say upon that subject in explanation and, if necessary, in modification of both these prayers.   If this lady

was pushed off this platform while the car was standing still, as contended by defendant, then the case which the plaintiff makes by her declaration has not been proven and she cannot recover. If she fell from the platform, or if she fell from the car while in the act of alighting, and that fall was occasioned by the starting of the car while she was in the act of alighting, then she can recover, unless you think it was her own carelessness which was the occasion of the fall. With reference to the crowded condition of the car, as I have already stated in substance, that should be considered by the jury, if it be true, for the purpose of determining what was reasonable and proper all around. If the car were crowded, and the platform were crowded, then it is entirely proper to regard that in considering how much time ought to have been given to this plaintiff to make her egress properly from the car."

The language of the fourth prayer given on behalf of the plaintiff, as quoted above, taken by itself, is open to the objection made to it, and without qualification might probably have misled the jury. Taken in connection, however, with the entire charge, and especially with that part which follows and expressly qualifies it, we do not see how it could have had that effect, and the error, if any, is immaterial.

The evidence regarding the crowded condition of the car was given without objection, and was plainly relevant as a circumstance for the jury to consider in determining whether the plaintiff was negligent in attempting to leave the car as well as whether the conductor should, on that account, have closely observed the passengers desiring to get off and give them more than ordinary time for the purpose.

Considered in this light—and we think it was so presented to the jury—the fact was material in the proper determination of the main fact upon which the case necessarily turned, viz., Was the car started prematurely, and did this wholly cause, or in conjunction with the wrongful act of a third person, contribute materially to the injury?

2. The second error assigned is, the refusal of the court to charge that " the plaintiff was bound to give notice of her in-

tention to leave the car, if the circumstances were such at the time that the conductor could not know of her intention."

As an abstract proposition of law, this charge would be correct; but in application to the facts of this case, it would be erroneous and misleading.

When a car is in motion it is the duty of the passenger who desires to alight to give notice of his wish to the conductor, whose duty it is then to cause the car to be stopped at the proper place. But when a car has been stopped to let off and take on passengers, at a crossing, it is the duty of the conductor to ascertain those of his passengers who intend to alight, and to hold the car a sufficient length of time to enable them to alight in safety, by the exercise of reasonable diligence, and not to put the car in motion again until the last one has left it. *Railway Co.* v. *Smith*, 90 Ala., 60.

It is an undisputed fact in this case that the car had stopped to let off and take on passengers, and that plaintiff undertook to leave it before it was again started, and hence the charge asked had no application whatever.

If the conductor was, at the time, engaged in other duties and did not observe plaintiff at all in her attempt to leave the car, under the circumstances, this fact would rather aggravate than excuse the charge of negligence.

As we have before said, it was his duty, when the car stopped, to see that all passengers attempting to get out, were safely off before starting the car, and he ought not to have engaged in anything else that would prevent this observation. *Harmon* v. *W. & G. R. R. Co.*, 18 D. C., 255 ; S. C. 147 U. S., 571.

3. The third error assigned is, the refusal of the court to give a special prayer offered by the defendant, which directed the attention of the jury to the pecuniary interest of the plaintiff, and advised them to " receive the testimony with great caution as not entitled to the same weight and degree of credibility as the testimony of a disinterested witness whose veracity has not been impeached," etc.

This instruction was properly refused. There is no rule of

law which gives one competent witness greater weight than another. Naturally, the jury, in weighing the evidence, especially where there has been a conflict of witnesses, may take into consideration the interests and relations of those who testify; but the court should carefully refrain from the expression of any opinion with respect thereto.

We concur in what has been said by the Supreme Court of Alabama in a case directly in point: "It can never be affirmed, as matter of law, that it is the duty of the jury to give more weight to the evidence of one witness than they accord to another, on the ground of interest in the one and a lack of it in the other. On the contrary, it is always competent for the jury to believe or disbelieve a witness, wholly irrespective of any interest he may or may not have in the litigation." *Railroad Co.* v. *Watson*, 90 Ala., 70.

There being no error, the judgment of the court below should be in all things affirmed, and it is so ordered.

*Affirmed.*