Judith McRoberts TODD, Individually and as Executrix of the Estate of George W. Todd, III, Deceased, and Judith McRoberts Todd, as mother and next friend of George W. Todd, IV, et al., Plaintiffs-Appellants,

v.

UNITED STATES of America, Defendant-Appellee.

No. 75–1876.

United States Court of Appeals, Fifth Circuit.

May 31, 1977.

Homer H. Humphries, Jr., Jacksonville, Fla., MacLean & Brooke, Alban E. Brooke, Jacksonville, Fla., Banner & McIntosh, Jack G. Banner, Wichita Falls, Tex., for plaintiffs-appellants.

John L. Briggs, U. S. Atty., Jacksonville, Fla., Mark A. Dombroff, Robert R. Smiley, III, Fed. Aviation Agency, U. S. Dept. of Justice, Leonard Schaitman, Eloise E. Davies, Appellate Sec., Civil Div., Dept. of Justice, Washington, D. C., for defendant-appellee.

Before WISDOM, GEE and FAY, Circuit Judges.

PER CURIAM:

For the reasons stated in detail by the trial court, 384 F.Supp. 1284, M.D.Fla.

1. This action was brought by Judith McRoberts Todd as widow of George W. Todd, III, and as Executrix of the Estate of George W. Todd, III, deceased, and as mother and next friend of George W. Todd, IV, Linda Ellen Todd and Judith Allison Todd, all being children of the decedent, George W. Todd, III.

2. The district court correctly stated:

Contributory negligence is a complete defense to a claim of simple negligence, but is no defense if willful or wanton negligence is proved. *Louisville & N. R. Co. v. Watson,* 90

1975, we hold that the United States was not liable to the plaintiff[1] under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–80 (1970). The plaintiffs' claims are barred by the decedent's contributory negligence.[2] The record clearly supports the district court's conclusion:

On his approach to Talladega Todd [the deceased pilot] either recklessly commenced descent with little or no visibility in known mountainous terrain or, through a lack of pre-flight preparation, found it necessary blindly to descend in unfamiliar surroundings without any communication of his predicament to ATC. In either case, Todd's conduct constituted negligence and a proximate cause of the crash.

384 F.Supp. at 1294.

The judgment is AFFIRMED.

Ala. 68, 8 So. 249 (1890). Under Alabama case law the requisite willfulness requires the "conscious doing of some act or omission of some duty under knowledge of the existing conditions and conscious that from the doing of such act or omission of such duty injury will likely or probably result." *Lankford v. Mong,* 283 Ala. 24, 214 So.2d 301 (Ala.1968). Such a degree of negligence cannot be attributed to the United States under the facts of this case.

384 F.Supp. at 1294.