PITTSBURG, CINCINNATI, CHICAGO AND ST. LOUIS RY. CO.

*v.*

HATTIE M. BANFILL.

*Opinion filed December 16, 1903—Rehearing denied February 4, 1904.*

1. TRIAL—*if evidence tends to prove allegations, case should go to jury.* If the evidence tends to prove the allegations of the declaration in an action for a personal injury, the trial court should refuse to give an instruction to find for the defendant, and should submit the questions of fact to the jury under proper instructions.

2. EVIDENCE—*when cross-examination is not unduly restricted.* If full cross-examination of a physician testifying in a personal injury case is permitted as to the manner in which he made the particular examination of plaintiff's injuries, it is not error to refuse to permit cross-examination as to what was the usual custom of the witness in making examinations of that kind.

3. INSTRUCTIONS—*when instructions are properly refused.* Instructions in an action for personal injuries are properly refused which are argumentative, and which attempt to specify what conduct upon the part of the plaintiff is imprudent or negligent.

*P., C., C. & St. L. Ry. Co.* v. *Banfill,* 107 Ill. App. 254, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. S. TUTHILL, Judge, presiding.

GEORGE WILLARD, (SAMUEL P. WHEELER, of counsel,) for appellant.

J. R. BECKETT, KITT GOULD, and B. E. KLEEMAN, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is an action on the case brought by appellee to recover for a personal injury sustained by her by being struck by a passenger train of appellant at One Hundred and Thirty-seventh street, in the village of Riverdale, Cook county. About twenty minutes past six o'clock on the morning of June 21, 1898, she was walking in a westerly direction along the north sidewalk of said street,

going to her place of employment. The railway track of appellant crossed this street in a north and south direction, and the view to the south was obstructed by the depot and by standing cars upon the side-track some six or seven feet to the east of the said main track. These cars and the depot were but a short distance south of One Hundred and Thirty-seventh street. Gates had been erected by the appellant at this crossing, but at the time of the accident no one was present to operate them, and they were open. A passenger train north-bound, consisting of thirteen cars and an engine, traveling at the rate of twenty to thirty miles an hour, struck appellee as she was attempting to cross said tracks, and she was thrown thirty or forty feet and seriously injured. In the declaration it was alleged that the train, at the time of the accident, was going at a dangerous and unsafe rate of speed; that no bell was rung or whistle sounded at a distance of at least eighty rods from said crossing; that said train was permitted to approach said crossing without the gates at the intersection of said street with the said railroad tracks being lowered, as required by the ordinance of the village of Riverdale, and that while exercising due care and caution for her own safety, appellee was struck by said train and injured. Upon a trial before the court and a jury a judgment was rendered against defendant for $20,000, which has been affirmed by the Appellate Court for the First District.

But few questions are raised on this appeal. The first error assigned and urged for ground of reversal is the refusal of the trial court, at the close of all the evidence, to give a peremptory instruction to the jury to find for the defendant. The rule often announced by this court as to when the giving of such an instruction is proper and when it should be refused, is, that where the evidence fairly tends to prove the allegations of the declaration it is the duty of the trial court to refuse such an instruction and submit the questions of fact, under proper

instructions, to the jury. The evidence in this case was such as to entitle the plaintiff to the benefit of that rule. There was abundant evidence tending at least to support the material allegations of the declaration. The court, therefore, properly refused to take the case from the jury. Of the many cases supporting this conclusion the following may be cited: *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* v. *Baddeley*, 150 Ill. 328; *Pittsburg, Cincinnati, Chicago and St. Louis Railway Co.* v. *Hewitt*, 202 id. 28, and cases cited in the foregoing opinions.

The next error assigned is the ruling of the trial court in limiting the cross-examination of a medical witness named McGregor. The evidence shows that he was a practicing physician, and had made an examination of appellee as to her injuries and testified concerning the result of such examination. Upon cross-examination appellant's counsel asked him concerning the manner in which he conducted the examination, and then asked him the two following questions: "Is that the usual way in which you make these examinations as to be so identified as to the time when an injury takes place,—is that your usual custom?" "Do you, as a rule, make that inquiry when you make examinations of that kind?" Objections to both of these questions were made by counsel for the plaintiff, and the objections were sustained. The evidence shows that full cross-examination was permitted by the trial court as to the manner in which the particular examination had been made, and there was no error in refusing to permit counsel for the appellant to cross-examine the witness as to what his usual custom or method was of conducting examinations of that kind.

The next assigned error complained of, is the refusal of the trial court to give the instructions asked by the defendant numbered from 8 to 15, inclusive. Wherein the court improperly refused these instructions is not pointed out, the objection to the ruling of the court in that regard being general. We have, however, examined

each of them, and are convinced that they were properly refused. They are argumentative, and seek to raise questions not proper to be submitted to the jury. They violate the rule often announced by this court, that instructions which attempt to specify what conduct on the part of a plaintiff is imprudent or negligent should be refused, those being questions of fact for the jury to determine from all the evidence. (*Illinois Central Railroad Co.* v. *Griffin*, 184 Ill. 9; *Chicago, Burlington and Quincy Railroad Co.* v. *Pollock*, 195 id. 156; *Chicago and Eastern Illinois Railroad Co.* v. *Huston*, 196 id. 480.) In the latter case we said that it is not proper for an instruction to tell the jury what acts or omissions constitute negligence, or that it was the duty of the deceased to have looked and listened; that the question what a reasonably prudent person would do for his own safety under like circumstances must be left to the jury as one of fact,—citing *Chicago and Northwestern Railway Co.* v. *Hansen*, 166 Ill. 623. For instance, the eighth refused instruction was intended to tell the jury "that if the plaintiff knew the train in question was approaching the crossing, or by looking or listening might have known it, and in time to have enabled her to keep out of its way, then she cannot recover in this action," the effect of which would have been, if given, to instruct the jury that if she knew the train was approaching, or could have known it by looking or listening, in time to have avoided the accident, then, as a matter of law, she could not recover. And so with each one of the other instructions that were refused. Some of them are subject to the further objection that they are purely argumentative. Those given at the instance of the defendant sufficiently stated the rules of law applicable to the case and fairly submitted the controverted questions of fact to the jury.

The tenth refused instruction stated "that the village ordinance of Riverdale, admitted in evidence, did not require said defendant to operate the gates at said One

Hundred and Thirty-seventh street crossing during the hours between six and seven o'clock in the morning." That instruction is directly contrary to. the fact. That ordinance expressly provides, upon its face, ·that said gates should be operated from six o'clock A. M.,—that is, that the watchman at said street should be on duty daily from six A. M. to eight P. M.

We have been unable to discover any substantial errors of law in this record. The judgment of the Appellate Court must therefore be affirmed.

*Judgment affirmed.*