Patrick Foley, Appellee, v. Francis D. Everett et al., Appellants.

Gen. No. 5,024.

1. PERSONAL INJURIES—*what not competent in favor of land-lord in suit for personal injuries.* In an action by a third party for personal injuries occasioned by the want of repair of a building, a lease by which a tenant assumes the obligation to repair is not competent in favor of the landlord who is named as defendant.

2. EVIDENCE—*right to limit effect of, by instructions.* Held, that a will offered in evidence in this case was competent for the purpose of showing title, and that if it was believed that the wealth of the estate, as shown by such will, was likely to result in prejudice to the defendant, it was his right and privilege to ask instructions limiting the effect of such will, and, in the absence of so doing, the right to complain is lost.

3. DAMAGES—*what may be recovered in an action for personal*

*injuries.* In an action for personal injuries, the plaintiff is entitled to recover for lost earnings, for the loss of future earnings, for pain, suffering, inconvenience, past and prospective, for expenses necessarily incurred in an effort to be cured, and in arriving at a correct verdict, the jury is entitled to consider in connection with evidence of permanent injury, the age and expectancy of life of the plaintiff.

4. VERDICT—*how may not be impeached.* The verdict of a jury cannot be impeached by the statements of a juror shown either by the affidavit of himself or by the affidavit of a third party.

5. VERDICT—*what does not show excessiveness of.* The fact that a jury and a court may materially differ with respect to the compensation which should be awarded to a plaintiff for injuries sustained, etc., does not establish the fact that the verdict is so excessive as to indicate passion, prejudice or other undue influence.

6. VERDICT—*when not excessive.* A verdict of $25,000 reduced by *remittitur* to $12,500, rendered in an action on the case for personal injuries, *held,* not so grossly excessive as to indicate passion, prejudice or other undue influences, where it appeared that the plaintiff at the time of his injury was of the age of about thirty-one years, was strong, vigorous and healthy, was earning $3.40 per day and upwards, became as a result of the accident a physical wreck and a constant sufferer, with injuries consisting in part of a broken hip requiring the use of a crutch.

Action in case for personal injuries. Appeal from the Circuit Court of Lake county; the Hon. CHARLES H. DONNELLY, Judge, presiding. Heard in this court at the April term, 1908. Affirmed. Opinion filed August 10, 1908.

DAVID L. ZOOK, for appellants.

B. J. WELLMAN and ORVIS & EDWARDS, for appellee.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

This is a suit brought by Patrick Foley, appellee, against Frank D. Everett and George H. Campbell, appellants, to recover damages for injuries sustained by him from being struck by an iron shutter falling from an upper window of a building, which appellants were possessed of as trustees under a will. This is the second appeal of this case to this court. At the first trial there was a judgment for $10,000 in favor of appellee

which was reversed by this court and the cause remanded. Everett v. Foley, 132 Ill. App. 438.

Upon the second trial the appellee recovered a verdict of $25,000. A *remittitur* was entered for $12,500 by the direction of the court, as a condition to overruling a motion for a new trial. A motion for a new trial was overruled and judgment was entered for $12,500. The defendants prosecute this appeal.

The opinion of this court on the former appeal states fully the nature and circumstances of the case and the law applicable to it. The gist of the action is that appellee was injured by the negligence of the appellants in permitting the shutters and hinges thereof, on a building of which they were possessed, to become and remain in a dangerous condition, by means whereof an iron shutter fell upon the appellee while in an alley and seriously injured him.

The appellant offered, and the court admitted in evidence a lease made October 21, 1904, leasing the premises from which the shutter fell to the Wonderland Company from May 1, 1904, to May 1, 1908. The appellants then offered in evidence a lease dated April 1, 1903, in effect from May 1, 1903, to April 30, 1904, also leases for several years immediately preceding the last described lease. The court sustained an objection to all the leases except the one in effect at the date of the injury, July 21, 1904. This ruling is assigned for error. The leases each contained a clause that the tenant received the premises in good repair and agreed to keep them in good repair at its own expense. The court properly sustained the objection for the reason that no matter what the agreement was it could not affect the appellee.

It is further insisted that the court erroneously admitted in evidence the will of James Campbell, deceased, of whose estate the appellants are trustees. The will showed the title of appellants to the estate of which the building that the shutter fell from was a part. The codicil attached to the will empowered the trustees to

borrow $50,000, instead of $20,000 as provided in the original will, for the purpose of improving and protecting the estate, and it is argued that the jury was prejudiced against appellants by the wealth of the estate as shown by these instruments. The will was proper evidence to show their title, and that they were furnished with funds to keep this building in repair, or had the right and authority to raise funds for that purpose. It was the right of appellants to have had the effect of this evidence limited to the purpose for which it was offered, but there was no error in its admission. It is insisted that the codicil was not offered in evidence, but that the jury took it to the jury room when considering their verdict. The abstract contains a statement that the codicil never was offered in evidence. The record contains no such statement, but the codicil is contained in the record as a part of the will. The record shows that after the admission of the will and codicil in evidence, and while other evidence was being heard, counsel for appellants stated: "We desire in the matter of the will as it is presented here to particularly object to the introduction of the codicil to the will." There was no error in the admission of the will and codicil, nor in taking them to the jury room.

In the former opinion it was said: "If the evidence shows that the shutter fell because of a state of decay that existed on May 1, 1904, that the appellant by reasonable care should have known of and remedied," then a judgment for appellee can be sustained. In the former trial that character of evidence was entirely lacking. The evidence now shows that the shutter that fell was about eight feet long and two and one-half feet wide, made of iron the body of which is from an eighth to a fourth of an inch in thickness, and surrounded by a band from two to three inches wide and half an inch thick.

The shutter weighs from 150 to 250 pounds. It fell from the third story or about twenty-four feet. The part of the hinges that gave way was the part

fastened into the wall. The parts of the hinges that broke were produced in evidence, with parts of the shutter and parts of brick that it was testified fell with the shutter. The part of the hinges attached to the wall at the top of the shutter broke off, leaving part of the hinge in the wall. The part of the middle hinge attached to the wall pulled out of the wall, and on the bottom hinge the part attached to the wall was broken off. Witnesses, who stated that they were accustomed to be in this alley, testify that they had noticed the condition of the wall both before the first of May, 1904, and after the accident, and that the wall was in bad condition, bricks rotten, cracking and crumbling out, and that the shutters were decayed, with holes rusted through them. One witness testified that that condition had existed four years before July, 1904. Another testified to its bad condition nine months before the accident. The pieces of iron offered in evidence had been fitted to the pieces remaining in the wall. There was direct testimony and expert testimony concerning the shutter and hinges, and as to what from their appearance had been their condition, which showed that the shutter and wall were in a very decayed condition, and that the hinges were almost eaten through by rust, so that there was danger of their falling, for a time extending back long prior to the date of the lease. There was also evidence offered by the appellants that the shutter, hinges and wall, were in good condition. That one hinge pulled out and the other two broke off, permitting the shutter to fall, is certain. There was ample testimony from which the jury might find that the shutter, wall and hinges, were in a decayed and dangerous condition on May 1, 1904. The jury saw the witnesses and were the judges of their credibility and the weight to be given to their testimony. The trial court approved the finding of the jury as to the rights of the parties. We cannot say the jury was mistaken.

It is also insisted that one of the jurors was disqualified by reason of prejudice towards the defendants. An

affidavit was filed in support of the motion for a new trial, stating that the affiant in conversation with one of the jurors after the return of the verdict, heard the juror say that the verdict was made large to get even with one of the appellants. In connection with this affidavit was an affidavit of counsel that he had examined the juror as to whether he had any prejudice in the case. These affidavits could not be considered by the court to impeach the verdict. The statements of a juror, after he has returned a verdict, cannot be received to impeach the verdict in this state. Allison v. People, 45 Ill. 37; Smith v. Smith, 169 Ill. 623; City of Chicago v. Saldman, 225 Ill. 629; Wyckoff v. Chicago City Ry. Co., 234 Ill. 613.

. It is claimed that the verdict of $25,000 was so excessive as to indicate passion and prejudice, and not a calm deliberate judgment on the part of the jury, and that the requirement by the trial court of a *remittitur* of one-half the amount of the verdict does not cure the evil effect of the supposed prejudice. The injury occurred July 21, 1904. The second trial in the Circuit Court was in November, 1907, more than three years after the accident. When the accident occurred the appellee was of the age of thirty-one years, strong, vigorous and healthy. He was a laborer working at digging deep foundation wells for sky scrapers, earning $3.40 per day of eight hours, and worked overtime to a considerable extent, for which he received fifty per cent. extra. The evidence shows unquestionably that the accident has made him a physical wreck and a constant sufferer. His pelvis was broken by the accident at the left hip. He has to wear a urinal bag all the time because of injury to the bladder, and has a hernia caused by the accident. There appears still to be an unhealed wound at the hip over which the skin will not grow. He walked on crutches for two years after he got out of the hospital and still uses one crutch, moving with much difficulty and pain. The appellants by their cross-examination of appellee injected into the suit the

question of the appellee only getting a portion of the judgment, by showing the suit was prosecuted for a contingent fee.

There is no precise legal measure of damages in cases of this nature. A new trial should not be granted because there is a mere difference of opinion between the court and the jury as to the proper amount due for personal injuries.

The appellee is entitled to all the earnings that he has lost by reason of his loss of time since the injury and all that he will lose in the future. He is entitled to compensation for all his suffering, pain and inconvenience, past and prospective, and compensation for all medical expenses necessarily incurred by him. In arriving at the amount he is entitled to recover, his age and expectancy of life should be considered in connection with both his earning capacity and suffering. Reasonable men, exercising their calm judgment on all the evidence in this case, might arrive at a conclusion differing as widely as the jury and the trial court.

That the court required such a large *remittitur* does not necessarily prove prejudice on the part of the jury. Judgments have been sustained for amounts as large or larger than the amount of the verdict in this case, when the damages were no greater. Chicago & Eastern Ry. Co. v. Holland, 122 Ill. 461, (18 Ill. App. 418); Penn. Co. v. Barton, 130 Ill. App. 573; Postal Telegraph Co. v. Likes, 124 Ill. App. 459; P., C., C. & St. L. Ry. Co. v. Banfill, 107 Ill. App. 254 (Affirmed in 206 Ill. 553).

This is the second trial of this case. We find no error of law, and cannot say that more has been awarded to appellee than substantial justice requires. The judgment is therefore affirmed.

*Affirmed.*