## Barbara Coyne, Defendant in Error, v. Ellen Laubenheimer, Plaintiff in Error.

### Gen. No. 27,018.

1. LANDLORD AND TENANT—*landlord's liability for injury to third person by defect in premises.* A landlord who rented the premises in question with knowledge that the plastering in the ceiling of one of the rooms was defective and liable to fall down, and who had promised to repair it, was held liable in damages to the housekeeper of the tenant who was injured by falling plaster and who had observed cracks in such plaster, but had not thought that there was any danger.

2. LANDLORD AND TENANT—*landlord's liability for injury to third person by defect as affected by tenant's agreement to repair.* It is a general rule that where premises are rented in a bad state of repair the landlord is liable for injuries thereby caused to third persons, and in such case a lease by which a tenant assumes the obligation to repair does not relieve the landlord from liability.

3. LANDLORD AND TENANT—*negligence of third person injured by defect as question for jury.* Whether plaintiff, in an action against the owner of a building to recover damages for injuries caused by plaster falling from the ceiling of one of the rooms, was heedless or careless in exposing herself to the chance of such an accident while in the employ of a tenant in the building was, under the evidence, a fair question for the jury.

4. TRIAL—*when special finding and general verdict not inconsistent in action by third person against landlord.* A special finding in an action by the employee of a tenant against the landlord to recover for injuries sustained by plaster falling from the ceiling of a room, in which the jury found defendant did not under-

take to repair the plastering in question, was not inconsistent with the general verdict, where the liability of defendant, if any, did not spring from a matter of contract, but was due to a negligent omission to repair the plastering, and the question was, therefore, not directed to a matter material to the determination of the case.

5. TRIAL—*when special finding and general verdict not inconsistent in action by third person against landlord.* A special finding in an action by the employee of a tenant against the landlord, to recover for injuries sustained by plaster falling from the ceiling of a room, in which the jury found the plastering in question on a stated date was not in such an apparently dangerous condition that an ordinarily prudent person would have foreseen the danger and have taken measures to prevent injury, was not inconsistent with the general verdict where there was no direct evidence as to the condition of the plastering on that day, but it was abundantly evident that plaintiff and defendant and another witness, long prior to such date, saw the plastering and observed its defective condition, although they did not consider it dangerous; and the question was not material to the issues because the plastering was, in fact, in a dangerous condition and it was defendant's duty, in the exercise of ordinary care, to have repaired it before executing a lease of the premises.

Error to the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1921. Affirmed. Opinion filed April 18, 1922.

NEWTON A. PARTRIDGE, for plaintiff in error.

GEORGE F. MULLIGAN, for defendant in error.

MR. JUSTICE MORRILL delivered the opinion of the court.

This is an action of trespass on the case brought by Barbara Coyne against Ellen Laubenheimer to recover damages alleged to have been sustained by plaintiff through the negligence of defendant. There was a verdict and judgment in the circuit court in favor of plaintiff for $5,000. A reversal is sought upon the ground that the judgment is contrary to the law and the evidence and to certain special findings of the jury.

The original declaration alleged, in substance, that

on May 6, 1918, defendant was the owner of the building at 155 West North avenue in Chicago; that plaintiff was on that date a tenant of the first floor and basement of said building under a verbal lease with defendant from month to month at a certain monthly rental, and that in consideration of said lease and rental defendant had agreed with plaintiff to repair the plaster in the ceiling of the bedroom in the basement of said premises where the same had become cracked and broken and was likely to fall down, and agreed to put and keep said premises in a safe and good condition; that defendant neglected to repair said ceiling and allowed the same to remain in an unsafe and defective condition with the result that while plaintiff was in said room performing her household duties and in the exercise of due care and caution for her own safety, a large portion of the plaster of said ceiling fell down, striking plaintiff upon the head and inflicting serious injuries. Subsequently the declaration was amended by filing two additional counts, alleging, in substance, the ownership of the premises by defendant, the demise thereof by a lease from her to one Bernard Alter on March 12, 1918, and defendant's agreement with said Alter to repair the plastering and ceiling above mentioned; that on May 6, 1916, and prior thereto, plaintiff was the servant and housekeeper of said Alter and as such, in connection with her duties, was occupying said bedroom with the knowledge, consent and at the direction of said Alter; that it became and was the duty of defendant to repair said plaster and ceiling so that the same would not fall down and injure plaintiff; that defendant, having knowledge of the defective condition of said plaster and ceiling, allowed the same to remain in an unsafe and defective condition and failed to repair it, resulting in the injury of plaintiff by the falling of the plaster. The second additional count contains similar allegations and avers that plaintiff was occupying the

premises at the request of Alter and with the knowledge and consent of defendant. The plea was not guilty.

The evidence shows that the premises on which the accident occurred had been previously demised by defendant to one Bernard Alter under a lease which, it is assumed, expired April 30, 1918. Plaintiff was employed by the lessee as a housekeeper in September, 1917, and continued in such employment until the date of the accident. Alter left the city March 31, 1918. Whether his departure was permanent or temporary is not shown. Thereafter plaintiff continued in the possession and occupancy of the demised premises until July 10, 1918. The accident occurred May 6, 1918. In addition to her duties as housekeeper plaintiff kept boarders on the premises and also worked in a laundry, all of which was done with Alter's consent. Plaintiff testified that the rent was paid by her or by Alter. Defendant was represented by her son, George Laubenheimer, in all transactions relating to the property. On March 12, 1918, a lease was executed and delivered by defendant, whereby the premises were again demised to Alter for a term commencing May 1, 1918, and ending May 1, 1919, at a rental of $38 per month. This lease was also executed by Alter. There is no evidence of nonpayment of rent or of the cancellation of either of the leases to Alter. Prior to and at the time of the execution of the last lease, apparently there had been some discussion between George Laubenheimer and Alter as to repairs upon the demised premises, and as a result thereof, on March 12, 1918, said Laubenheimer sent a letter to Alter in which the subject of repairs was discussed and the writer, among other things, said: "I will knock out the loose plaster in the ceiling of the rear room of the basement and replaster same, but no decorating in this room this year." By this letter defendant agreed to make sundry other repairs. The new lease was trans-

mitted to Alter with this letter and was doubtless accepted by the latter in reliance upon the landlord's promise to repair. It is undisputed that the accident occurred in the rear room of the basement, that plaintiff was injured thereby and that the plastering was in a defective condition and in need of repair on March 12, 1918; that no repairs were made thereon until after the accident occurred and that the defective condition of the plastering was known to defendant at the time of and prior to the accident. Upon this subject plaintiff testified that she saw that the plaster was cracked but did not think there was any danger from it. Another witness testified to the same effect. Plaintiff also testified to a conversation between George Laubenheimer and herself after Alter had gone away, in which said Laubenheimer asked her, in substance, if she intended to remain in the occupancy of the premises if he did "the fixing" mentioned in his letter of March 12, 1918, but there is no evidence as to what reply she made to that inquiry. It is undisputed that she remained in occupancy of the premises until July 10, 1918, and there is no evidence showing any change in her relationship with Alter.

The case was prosecuted by plaintiff upon the theory that defendant's liability was not based upon any contract between the parties but arose from the duty which an owner of property owes to third persons and that such owner is liable for injuries caused by the owner's failure to remedy a dangerous and defective condition known to the owner prior to her demise of the property in question. This duty existed independently of any express agreement to remedy the defective condition. Counsel for plaintiff in error contends that there is no such liability on the part of the landlord to a person with whom the landlord had no contractual relation. There was no contention on the part of defendant that plaintiff occupied the premises

in any capacity other than that of Alter's housekeeper or servant.

In the leasing of premises there is no implied warranty on the part of a landlord that they are fit for a particular use. In the present case the landlord's liability, if any, does not arise from contract, but must be based upon her negligent omission, as the proximate cause of the injury, in reference to a matter where it was her duty to use ordinary care out of respect to the rights of others likely to be directly involved. There may be a recovery for an injury thus arising in the absence of contributory negligence on the part of plaintiff. *Reichenbacher v. Pahmeyer*, 8 Ill. App. 218; *Swords v. Edgar*, 59 N. Y. 28. In the case at bar, there is no claim that plaintiff was guilty of contributory negligence.

It is a general rule that where premises are rented in a bad state of repair the landlord is liable for injuries thereby caused to third persons. *Shields v. Dole Co.*, 168 Ill. App. 362; *Everett v. Foley*, 132 Ill. App. 443; *Cochran v. Kankakee Stone & Lime Co.*, 179 Ill. App. 441; *Tomle v. Hampton*, 129 Ill. 379. In such a case a lease by which a tenant assumes the obligation to repair does not relieve the landlord from liability. *Foley v. Everett*, 142 Ill. App. 250.

The accident occurred May 6, 1918. Two months prior to that time defendant's attention had been called to the condition of the plastering, which was then cracked. The letter of March 12, 1918, contained an agreement on her part to remedy the defect, thereby showing her knowledge of the existing condition of the ceiling. She gave the subject no further attention until after the happening of the accident. The evidence concerning all these facts showed that there were indications in the ceiling that the plastering was in an infirm condition, requiring attention to render it safe, and that the obligation of keeping it in a reasonable state of repair was upon the landlord. Under this

evidence the landlord was chargeable with careless-
ness resulting in injury to plaintiff. Plaintiff was
rightfully upon the premises and had the legal right
to look to the landlord for redress. The rule appli-
cable to such a case is that the landlord is responsible
for his own negligence to the party injured if he lets
the premises agreeing to keep the same in repair and
fails to do so, in consequence of which anyone lawfully
upon the premises has been injured without contribu-
tory negligence on the part of the person injured.
Whether plaintiff was heedless or careless in exposing
herself to the chance of such an accident as that which
occurred from the falling of the plaster was, under
the evidence, a fair question of fact for the decision of
the jury. *White v. Sprague,* 44 Hun 629, 9 N. Y. St.
Rep. 220. The circumstances involved in the case last
cited were very analogous to those appearing in the
case at bar. Both are cases in which an employee of
the tenant was injured by falling plaster.

It is urged on behalf of plaintiff in error that the
general verdict of the jury is inconsistent with the
special findings. These special findings were three in
number, in the first of which the jury found that de-
fendant did not undertake to repair the plastering in
question. The phraseology of the question pro-
pounded to the jury was unfortunate. It was not a
single, direct and plain question material to the case.
The liability of defendant, if any, in this case did not
spring from a matter of contract but was due to her
negligent omission to repair the plastering. The ques-
tion therefore was not directed to a matter material
to the determination of the case, and for that reason
the general verdict cannot be regarded as inconsistent
with the special finding. By another of these special
findings the jury decided that the plastering in ques-
tion on May 1, 1918, was not in such an apparently
dangerous condition that an ordinarily prudent person
would have foreseen the danger and would have taken

measures to avoid or prevent injury. There was no direct evidence submitted to the jury as to the condition of the plastering on May 1, 1918, but it is abundantly evident that both plaintiff and defendant, as well as another witness, long prior to that date saw the plastering and observed that it was in a defective condition requiring repair, although they did not consider it dangerous. It was, in fact, dangerous, and, as we have already indicated, it was the duty of defendant, in the exercise of ordinary care, to repair the plastering before executing a lease of the premises. For this reason we do not regard the question propounded to the jury as material to the issues in the controversy and cannot sustain the contention of plaintiff in error that there is any inconsistency between this special finding and the general verdict. No complaint is made by plaintiff in error that the general verdict is inconsistent with the third special finding, and therefore it is unnecessary to discuss the same.

No errors are urged in giving or refusing instructions or in the rulings of the court upon questions of evidence. It is contended that the judgment is excessive, but in view of the record, which shows that plaintiff was permanently injured as a result of the accident and that she is unable to perform the labor by which she supported herself prior to the accident, we do not think that the amount of the verdict indicates that the jury were actuated by passion or prejudice in reaching their conclusions.

The judgment of the circuit court is affirmed.

*Affirmed.*

GRIDLEY, P. J., and BARNES, J., concur.