WILLIAM F. DOLAN & Co. v. SUSAN STONE *et al.*

No. 12,517.   (65 Pac. 641.)

SYLLABUS BY THE COURT.

PRACTICE, DISTRICT COURT—*Rules of Court—Review.* A trial court ought generally to uphold and give effect to such rules as it has made in pursuance of inherent authority; but where, in the exercise of discretion and in furtherance of justice, it elects to ignore such rules, this court will not reverse a judgment in order to enforce them.

Error from Reno district court; M. P. SIMPSON, judge. Opinion filed July 6, 1901. Division two. Affirmed.

STATEMENT.

WILLIAM F. DOLAN & Co. brought an action on an account for merchandise against George W. Stone, Susan Stone, and several others, averring that all of the defendants were copartners, doing business under the firm name and style of George W. Stone & Co., at the time the goods were sold and delivered to that firm. The action was brought by John W. Roberts, as attorney for plaintiffs, and personal service was duly had on Susan Stone, as well as the other defendants.

A question of recollection, rather than one of veracity, is raised in the case between Mr. Roberts and C. M. Williams, attorney for the defendant Susan Stone, and, in view of the findings of the trial court, we shall here give the latter's version and assume the same to be correct; but in doing so no imputation is made against Mr. Roberts, who was found by the court below to have had no censurable intent.

Soon after the service was made on the defendant Susan Stone, Mr. Williams was employed to represent her in the suit, and, for the purpose of preparing her case, went to the clerk's office and procured the files.

Before returning to his office he met and had a conversation with Mr. Roberts, who, in the course thereof, apprised the former that he had no intention of taking judgment in the action against Susan Stone, and promised that if Williams would not appear or file answer for her he would not have judgment rendered against her.  Mr. Williams relied upon that assurance and did not enter a plea for his client in the cause.  Months later, when the agreement had passed from Mr. Roberts's memory, he did in fact take judgment for something over $700 against Mrs. Stone, and had an execution issued and levied on her lands.

There was evidence tending to show that Mr. Williams was present in court when such judgment was rendered, but as he denied any knowledge thereof, it is probable that if in the court-room at the time he was otherwise engaged and paid no attention to what was being done, and for that reason the contention that he was negligent is of little moment.   It will be here presumed that the court below so determined.

Immediately after the levy of the execution an action was commenced to set aside the judgment for "fraud practiced by the successful party," under section 5056, General Statutes of 1901.   The facts before referred to were set forth in detail, and it was specifically alleged that Susan Stone never had been a member of the firm of George W. Stone & Co.   Upon a hearing before the court the judgment was temporarily opened, to allow her to come in and defend, and afterward, upon a trial, the court found generally in her favor and against the plaintiffs.   Upon the preliminary hearing above referred to, the court made the following special finding:  "The court further finds that John W. Roberts, attorney for Wm. F. Dolan & Co., did not intend to obtain the judgment

against the defendant fraudulently and had no fraudulent intent.'' A rule of the district court, providing that the oral stipulations of counsel will not be enforced, was put in evidence at the proper time.

A motion for a new trial having been denied, William F. Dolan & Co. bring the case here for review.

*Vandeveer & Martin*, and *Jno. W. Roberts*, for plaintiff in error.

*Prigg & Williams*, for defendants in error.

The opinion of the court was delivered by

ELLIS, J. : The contention of counsel for plaintiffs in error that the court erred because it enforced an oral agreement of counsel in violation of its rule is unavailing. The rule referred to is as follows :

"Stipulations and admissions of counsel will not be enforced unless made in writing, or in open court in the presence of the stenographer and by him taken as a part of the record of the case."

Such rule is valid. (*Jones v. Menefee*, 28 Kan. 437.) Rules of a district court are made in pursuance of the inherent power vested in that tribunal to aid in administering, and not in thwarting, justice. If to invoke the assistance of a rule under a given state of facts would be to accomplish a wrong, a court may well decline to apply it, and in such case the power that made the rule may suspend its operation. That a court ought not to do so, except for good cause, is evident ; that oral stipulations affecting the substantial rights of litigants should not be made by the counsel for the respective parties is undenied ; still, where an undue advantage is gained, and especially where a judgment is rendered against a party nowise liable for the payment of a debt, in consequence of reliance

being placed on such an agreement as the court below by its general finding must be presumed to have held had been made in this case, we think that the court, in the exercise of a sound discretion, in a direct proceeding brought for that purpose, may, in furtherance of justice, set aside a judgment thus obtained and permit a party who is without personal fault to defend upon the merits. Where, under such circumstances and for such laudable purpose, a district court elects to ignore its rules, this court will not reverse a judgment in order to enforce them.

It is evident that, by the special finding quoted in the statement, the court designed to hold that, while Mr. Roberts had not intended to take advantage or mislead his adversary, his acts did in fact amount to legal or constructive fraud. We are satisfied from a critical examination of the record that both counsel acted in good faith, and that the decision of the court below was right.

The judgment of the district court is affirmed.

SMITH, CUNNINGHAM, JJ., concurring.