THE METROPOLITAN STREET-RAILWAY COMPANY V.
AGNES E. WARREN.

No. 14,576.    (86 Pac. 131.)

SYLLABUS BY THE COURT.

1. RAILROADS—*Injury to Passenger—Question for the Jury.* When proof of an accident to a passenger is made a *prima facie* case of negligence on the part of the carrier is ordinarily presented, and the carrier is called upon to explain; but the carrier has the right to make its explanation from the passenger's own evidence if it can, and if upon that evidence different minds might reach different conclusions respecting the propriety of its conduct the jury should be allowed to say if a recovery of damages is warranted.

2. ―――― *Negligence—Erroneous Instruction.* An instruction to the jury examined and held erroneous because it directs the jury to render a verdict for the plaintiff if they should find certain enumerated facts, which do not constitute negligence *per se.*

Error from Wyandotte court of common pleas; WILLIAM G. HOLT, judge. First opinion filed July 6, 1906. Reversed. Rehearing granted November 10, 1906. Opinion on rehearing filed March 9, 1907. First opinion affirmed.

*Miller, Buchan & Miller,* for plaintiff in error.

*Getty, Hutchings & Dean,* for defendant in error.

The opinion of the court was delivered by

BURCH, J.: The plaintiff in this case claims to have suffered injuries on account of the negligent conduct of the defendant in the operation of one of its street-cars, which she attempted to board. The petition alleges that an open car, with a running-board at its side, stopped for the plaintiff at a place where passengers were usually received; while the car was standing still she stepped upon the running-board with her right foot, and placed her left foot upon the floor of the car; before she had an opportunity to lift her

right foot from the running-board and place it upon
the floor of the car the employees in charge negligently,
carelessly and without any warning caused the car to
start forward suddenly, swiftly, and with a jerk, and
to run around a curve in the track with great speed,
thereby throwing plaintiff from the car to the pave-
ment.

On the trial evidence was given in support of the
allegations of the petition. The plaintiff herself de-
scribed the occurrence and stated, among other things,
that when she boarded the car she took hold of and
held to a stanchion running up from one of the seats,
that there was nothing to impede her entrance into the
car, and that the car was obliged to move a consider-
able distance before it came to the curve in the track.
The defendant produced no witnesses with knowledge
of the accident.

Disregarding many of the allegations of the peti-
tion, and much of the evidence, the court directed the
jury to find a verdict for the plaintiff under the fol-
lowing circumstances:

"If you believe from the preponderance of all the
evidence that on or about the 9th day of June, 1890,
the Metropolitan Street-railway Company usually
stopped its cars for the purpose of receiving and dis-
charging passengers near the intersection of Third
street and Minnesota avenue in Kansas City, Kan.,
and that the plaintiff went to said place for the pur-
pose of boarding one of the trains of cars of said com-
pany, and that one of the trains of cars of said com-
pany stopped at said place for the purpose of receiving
passengers thereon, and that the plaintiff attempted to
board one of the cars of said company at said place
while the same was standing still, and that just as she
was in the act of getting up into said car, and while
she had one foot on the running-board of said car and
one foot on the floor thereof said car was started for-
ward without any warning to the plaintiff, and that
she was carried some distance on said car, and as the
car was rounding a curve she was thrown from said
car, whereby she was injured and by reason of said
injuries sustained physical pain or financial loss as

the direct and proximate result thereof, then you should render a verdict for the plaintiff; unless you further believe from the preponderance of all the evidence that the plaintiff could have avoided the injuries which she received at the time and place in question, by the exercise of reasonable care and prudence on her part, and failed to exercise such reasonable care and prudence for her own safety and thereby directly contributed to the cause which produced her injuries, if any she received at the time and place in question, when, under such circumstances, you should render a verdict for the defendant."

The plaintiff argues in favor of the correctness of this instruction as if it were designed to express the rule of law relating to the presumption of negligence on the part of a carrier arising from proof of an accident to a passenger. That rule and its limitations are stated in the case of *Railroad Co. v. Burrows*, 62 Kan. 89, 61 Pac. 439. It relates to burden of proof, and should not be confused with the question of what constitutes negligence *per se*. According to that rule, when proof of an accident to a passenger is made a *prima facie* case of negligence on the part of the carrier is presented, and no more. The defendant is then called upon to explain, but it has the right to make its explanation from the plaintiff's own evidence if it can; and if upon that evidence different minds might reach different conclusions respecting the character of the defendant's conduct the jury should be allowed to say if a recovery is warranted. The rule is the same in this respect as it is in reference to contributory negligence—a pure matter of defense which may be derived from the plaintiff's own testimony. The case of *Gleeson v. Virginia Mildand R'd Co.*, 140 U. S. 435, 11 Sup. Ct. 859, 35 L. Ed. 458, quoted in *Railroad Co. v. Burrows, supra*, is clearly to this effect. In the Gleeson case it was said:

"When he [the plaintiff] proves the occurrence of the accident, the defendant must answer that case from all the circumstances of exculpation, whether disclosed by the one party or the other. They are its matter of

Railway Co. v. Warren.

defense. And it is for the jury to say, in the light of all the testimony, and under the instructions of the court, whether the relation of cause and effect did exist, as claimed by the defense, between the accident and the alleged exonerating circumstances." (Page 444.)

So here, if the circumstances enumerated in the instruction were found by the jury they still had the right to consider other facts appearing in the proof and to determine from all the evidence whether the defendant exercised the caution the law requires.

If it be said the evidence relating to the accident was substantially all one way, the reply is obvious that the defendant had the right to the opinion of the jury upon the credibility of the plaintiff's witnesses and the quantity of truth their statements contained. Those witnesses were the plaintiff herself, her sister, and a discharged employee of the defendant. None of them was likely to be biased in favor of the defendant. Their testimony was given fifteen years—lacking a month—after the accident occurred, and upon the first trial of the case. The fact that the plaintiff had a grasp upon a secure support and that there was nothing to hinder or delay her progress was important in estimating the defendant's care for her safety when starting the car. Remembered through the years, the violence of the jerk, if there was one, and the speed of the car may have loomed large, while a simple failure of the plaintiff's strength, causing her to fall off, may have been overlooked. These matters were all eliminated from the case by the instruction quoted, and the jury were deprived of the opportunity of interpreting the evidence as a whole in measuring the defendant's liability.

The instruction referred to advises the jury that if certain enumerated facts are established by the evidence the verdict should be for the plaintiff. One of those facts is the failure to give warning before starting the car. This court knows of no general rule of law im-

posing upon street-car companies the duty of warning passengers who have mounted a standing car that it is about to proceed. Whether or not a warning was necessary under the circumstances for the protection of the plaintiff in this case was clearly a question for the jury. In other respects this court is unwilling to say that the facts recited in the instruction make a case of negligence *per se.* In the light of the knowledge common to all men the jury might have concluded the company exercised due care, and had they done so this court could not have vacated the verdict.

Want of care on the part of the plaintiff could not be considered in determining whether the defendant fulfilled its duty toward her; hence the latter part of the instruction does not aid that which precedes it.

The court adheres to the views expressed in the case of *Williams v. Railway Co.,* 68 Kan. 17, 74 Pac. 600, 64 L. R. A. 794, 104 Am. St. Rep. 377. Other questions argued in the briefs and at the bar need not be considered. The judgment of the court of common pleas is reversed, and the cause is remanded for a new trial.

All the Justices concurring.

---

OPINION ON REHEARING.
(89 Pac. 656.)
SYLLABUS BY THE COURT.

RAILROADS — *Injury to Passenger — Negligence a Question of Fact.* On the trial of a controversy of the character of the one disclosed by the record in this case it should be left to the jury to say not only what the facts are but whether under all the circumstances the conduct of the defendant was negligent.

The opinion of the court was delivered by

BURCH, J.: Nothing has been suggested upon the rehearing of this case which requires a modification of any of the views expressed in the former opinion of this court. (*Ante,* p. 244.) The case of *Railroad Co.*

*v. Cusick,* 60 Kan. 590, 57 Pac. 519, 72 Am. St. Rep. 374, has been cited. In that case it was left to the jury to say whether the conduct of the defendant was negligent. The evidence was brought to this court under a claim that it failed to show negligence on the part of the railway company and did show negligence on the part of the plaintiff. It was held that the verdict was sustained by sufficient evidence. In this case the jury were directed to render a verdict for the plaintiff if they found certain enumerated facts. If it had been left to the jury to decide they might have concluded the enumerated facts were consistent with due care on the part of the defendant. Had such been their conclusion this court would not have felt safe in saying the verdict was wrong.

Granting, however, that the enumerated facts are sufficient to make a case of negligence *per se,* it was not proper that the jury should be coerced to stop with them and find for the plaintiff. Besides the enumerated facts there were at least two others related by the plaintiff herself which to this court seem important and which might have required a different estimate of the defendant's conduct.

In the Cusick case it was said that a street-railway company must see and know that dismounting passengers are safely off before putting the car in motion again. In this case the court might well have instructed the jury that the defendant was required to exercise the utmost care in taking on passengers, and was bound to know that the plaintiff was safely on before starting the car, but it should have left it to the jury to say whether or not under all the circumstances of the case the defendant was in fact negligent. "Safely on" is a relative term. Most passengers are safely on when clear of the ground. Some ride safely on the running-board. Certainly it is not necessary to hold a car until an incoming passenger goes through it, inspects the seats and the passengers already aboard, chooses a

location, and sits down. Then, the manner in which the car is started and moved may be considered in connection with the situation of the passenger. It may be started without jerk or shock and proceed by such slow and ·gentle motion that his progress into the car is not disturbed. So many factors combine to make up an incident of the kind under consideration that ordinarily it is not proper to confine the jury to the ascertainment of a few facts selected by the court. The jury should be allowed to say not only what the facts are but whether under all the circumstances the conduct of the defendant was negligent.

The former order reversing the judgment of the court of common pleas will stand, and the cause is remanded for a new trial.

All the Justices concurring.