## Nelson A. Steele, Defendant in Error, v. George P. Wynn et al., Plaintiffs in Error.

### Gen. No. 4,790.

1. EQUITY PLEADING—*duty of court upon conservator's failure to answer*. When the conservator of an insane defendant fails to file an answer for him, it is the duty of the court to appoint a conservator or guardian *ad litem* to answer and to protect his interests.

Steele v. Wynn.

2. EQUITY PLEADING—*effect of immaterial issue.* Where an immaterial issue has been joined in equity, the court will disregard it.

3. EQUITY PRACTICE—*when error to enter default.* It is error to enter the default of an insane defendant for want of an answer, but error in entering such default becomes harmless where on review it is made to appear that such insane person has interest in the subject-matter of the litigation and had none at the time of the filing of the bill.

4. SERVICE OF PROCESS—*when certificate of publication sufficient. Held,* that the following certificate, aided by other matters appearing of record, was not vulnerable either to the attack that it did not sufficiently appear that the newspaper was secular and of general circulation, or to the contention that it did not show that the first publication of notice was made at least thirty days before the term, or that it did not give the dates of the first and last papers containing the notice.

"a newspaper printed and published at Waukegan, in the county of Lake and State of Illinois, and that the annexed notice was published once in each week for four weeks successively in said paper, the first publication of which said notice was dated the 25th day of January, A. D. 1902, and the last publication thereof was dated the 15th day of February, A. D. 1902."

5. IDEM SONANS—*what are. Held,* that Hosea E. Wynn and Hosia E. Wynn are *idem sonans.*

6. TRANSCRIPT OF RECORD—*when rules of court not part of.* Rules of court do not become part of the transcript of the record by being appended thereto accompanied by the clerk's certificate that they are "true copies" and in force at a time specified.

7. RULES OF COURT—*when non-observance of immaterial.* The action of the court in disregarding its own rules is immaterial and will not reverse in the absence of harm having resulted.

8. DECREE—*effect of clerical mistake in. Held,* that a mere clerical mistake in a name was not so material as to require a reversal of the decree entered in this cause.

9. MASTER'S SALE—*what rebuts claim of irregularity in certificate of publication of notice. Held,* that the finding of the court that the master in making his sale had proceeded in due form of law and in accordance with the decree, was sufficient to meet any question raised in this case as to the sufficiency and regularity of the certificate of publication.

10. WRIT OF ERROR—*who may sue out, on behalf of insane person.* A next friend may sue out a writ of error for an insane person if his conservator fails to act.

Foreclosure. Error to the Circuit Court of Lake County; the Hon. CHARLES H. DONNELLY, Judge, presiding. Heard in this court at the October term, 1907. Affirmed. Opinion filed March 11, 1908.

Statement by the Court. On January 22, 1902, defendant in error filed a bill in equity in the court below to foreclose a mortgage upon certain real estate in Lake county, Illinois, given by William Wynn and his wife, Leorah C. Wynn, to secure a promissory note for the principal sum of $5,000 executed by said William Wynn and by Robert D. Wynn. The note and mortgage were given and dated January 23, 1893, and the note was due five years after date with interest at 6 per cent per annum, payable annually. The bill alleged that afterwards, on February 4, 1894, William Wynn died testate, bequeathing to his wife a sum of money in lieu of dower and homestead and of all her other rights (which sum the bill alleged that she accepted); devising a certain lot not here involved to one child; and giving all the rest of his real and personal estate to his children, John D., Hosea E., George P., Sarah E., Robert D., Emily A., and Hannah D., now Hannah D. Taylor; that thereafter Hosea E. Wynn and John D. Wynn conveyed their interests in the real estate covered by said mortgage to Robert D. Wynn; that George P. Wynn had been adjudged insane by the County Court of Lake county, and Robert D. Wynn had been appointed his conservator, and had duly qualified, and was acting as such; that the principal of said note was past due and unpaid, and that all the interest thereon from January 23, 1898, was unpaid; and the bill set up various tax sales of said property and redemptions thereof by defendant in error; for all which expenditures, and for a solicitor's fee of $50 as well as for the principal and interest due upon said note, defendant in error claimed a first lien upon said real estate under the terms of said mortgage. The bill then averred that James G. Smith, Lettie B. Smith, his wife, Hosea Wynn, Martha A. Wynn, his wife, John D. Wynn, Ella Wynn, his wife, Charles A. Wiard, trustee, and Chauncey J. Jones, have or claim some interest, either as purchasers, judgment creditors, tenants or otherwise, in said premises; but which

interest, if any said parties have, the bill averred was subject to the rights of defendant in error to foreclose said mortgage for the amounts so due him. Certain defendants were personally served with summons, and the decree recites that certain others personally appeared. The service upon Sarah E. Wynn was by publication and mailing. The decree found jurisdiction of all the parties, and all the defendants were defaulted. The cause was referred to the master in chancery to take and report the proofs, with his findings of law and fact. He took proofs and reported them, with his findings. The note and mortgage and certain certificates of tax redemption were attached as exhibits to the report. A decree of foreclosure was then entered on March 7, 1902. It approved the master's report, and then recited that the case was heard upon the bill of complaint, taken as confessed against all the defendants, and upon said report of the master, and also upon proofs both oral and documentary produced and heard in open court. There was a sale of said premises on April 22, 1902, by the master in chancery pursuant to said decree; and a report of said sale was submitted to the court on October 6, 1902, and it was on that day approved.

On February 15, 1907, within five years after said decree, a writ of error was sued out in the name of all the defendants below; and on October 1, 1907, after the Practice Act of 1907 went into force, limiting writs of error to three years, the record of the court below was filed herein. We assume the writ of error is governed by the limitation in force when it was sued out. Defendant in error filed four pleas in bar. The writ of error as to George P. Wynn, insane, is prosecuted here in his name by Simon Hamberg, his next friend. The first plea sought to bar the writ as to George P. Wynn upon the allegation that Robert D. Wynn was and is the lawful conservator of said George P. Wynn, insane, and that therefore the insane person could not prosecute the writ by a next friend. The second plea averred that Robert D. Wynn was appointed conservator of said George P. Wynn by the County Court of Lake county, Illinois, on August 1, 1896, after said George P. Wynn had been adjudged insane by said court,

and that said conservator on September 12, 1899, filed a petition for leave to sell the one-seventh interest of said George P. Wynn in certain real estate; that due notice of said proceeding was given pursuant to law, and was served upon George P. Wynn more than ten days before the October term, 1899, of said court, to which term said petition was brought; that afterwards, on October 11, 1899, at said October term, a decree was entered for the sale of said real estate, and a sale thereof was held by said conservator pursuant to said decree, and said real estate was sold to James G. Smith, and the same was reported to and approved by said court, and a conveyance thereof by the conservator to said James G. Smith was ordered by the court and was made under date of November 18, 1899, which deed was recorded in the recorder's office of said Lake county on August 30, 1902; and the plea averred that the real estate so conveyed included all the real estate involved in the decree in the case now before us. The plea averred that, by reason of said sale and conveyance to James G. Smith, said George P. Wynn had not at the time this writ of error was sued out nor has he since then had, any right, title or estate in the land covered by said foreclosure decree, and therefore he is barred from prosecuting this writ of error.

The third plea sought to bar the writ of error as to Sarah E. Wynn, because, as the plea alleged, she died May 26, 1905, and before this writ of error was sued out. The fourth plea sought to bar the writ of error as to plaintiffs in error, Robert D. Wynn, James G. Smith, Lettie B. Smith, Charles F. Wiard, trustee, and Chauncey J. Jones, because, as the plea averred, on September 5, 1907, after the rendition of the decree here sought to be reviewed, said five plaintiffs in error, "by their deed of that date duly signed, acknowledged and delivered," released all errors which may have arisen in said suit and in the said decree.

Defendant in error demurred to the first, second and fourth pleas, and formed an issue of fact on the third. The cause has been submitted upon these pleadings, and upon an implied joinder in error by the other plaintiffs in error.

A reversal of the decree is sought on the ground that it was fatal error to enter a default against George P. Wynn, insane; that the certificate of publication of notice to the non-resident defendant, Sarah E. Wynn, was fatally defective; that the return of service as to Hosea E. Wynn showed service on Hosia E. Wynn and did not confer jurisdiction over the person of Hosea E. Wynn; that in entering defaults, in referring the case to the master, and in the proceedings before the master, and in the action of the court after the master's report was returned, the court violated its own rules; that the decree erroneously found that the mortgage was executed by Sarah C. Wynn, as wife of William Wynn, and treated Sarah C. as the wife of William throughout the decree; that the certificate of publication of the notice of the master's sale was fatally defective; that there was an improper taxation of costs; and that in many other respects the proceedings were inaccurate and defective.

John L. Fogle, for plaintiffs in error.

Elam L. Clarke, for defendant in error.

Mr. Justice Dibell delivered the opinion of the court.

When the conservator of an insane defendant fails to file an answer for him, it is the duty of the court to appoint a conservator or guardian *ad litem* to answer and to protect his interests. Hall v. Davis, 44 Ill., 494. It is error to enter the default of an insane defendant for want of an answer. White v. Kilmartin, 205 Ill., 525. But the second plea filed here alleges that George P. Wynn was adjudged insane, that a conservator was duly appointed for him, and that said conservator took such due and orderly proceedings in the court having jurisdiction of the person and estate of said George P. Wynn, insane, that all his interest in the real estate covered by the mortgage foreclosed in this suit was duly sold and conveyed to James G. Smith, the conveyance having been made on November 18, 1899, long prior to the filing of this bill to foreclose. The demurrer to

this plea is based on the ground that it sets up matters occurring long prior to the filing of the bill, and that it contradicts or is inconsistent with the allegations of the bill and with the position of the defendant in error in the court below, and that therefore it cannot be allowed. It will be seen from the statement preceding this opinion that while the bill avers that William Wynn owned this real estate when he mortgaged it, and that by his will, which became effective on February 4, 1894, he devised a one-seventh interest therein to said George P. Wynn, it does not aver that George P. Wynn remained the owner of that interest when the bill was filed. It does name defendants who have or claim some interest in the premises, and includes James G. Smith among the number, and does not apply that allegation to George P. Wynn. It does not aver that the latter had any title or interest in the premises when the bill was filed. The averments of the plea furnish an explanation for making George P. Wynn a defendant, and also for the failure of the conservator to answer for him, namely, that the title and interest of George P. Wynn had been conveyed to James G. Smith long before the bill was filed but the deed had not then been filed for record, and was not so filed till after the decree of foreclosure was entered. We conclude that the plea does not contradict but only supplements the bill, and that the demurrer thereto should be overruled. The plea stands admitted. It therefore appears that George P. Wynn has no interest in the premises and had none when the bill was filed. The error of entering his default was therefore harmless.

Jurisdiction of defendant Sarah E. Wynn, one of the devisees of William Wynn, was obtained by the publication and mailing of notice. The publisher, a corporation, in a certificate signed in the corporate name by its president, certified that it is the publisher of the Waukegan Gazette, "a newspaper printed and published at Waukegan in the county of Lake and State of Illinois, and that the annexed notice was published once in each week for four weeks successively in said paper, the first publication of which said notice was

dated the 25th day of January, A. D. 1902, and the last publication thereof was dated the 15th day of February, A. D. 1902." It is objected that it does not appear that said newspaper was a secular newspaper of general circulation. The decree found that said Waukegan Gazette was a public newspaper printed and published at the city of Waukegan, in the county of Lake, in the State of Illinois. It is further objected that the certificate of publication does not show that the first publication of notice was made at least thirty days before the term, nor does it give the dates of the first and last papers containing said notice. The term to which the notice was returnable was to be held on the first Monday of March, 1902. While the use of the word "dated" is not so explicit as the word "made" would have been, yet we think the certificate should be construed to mean that the paper in which the first publication was made was dated January 25, 1902, and that the paper in which the last publication was made was dated February 15, 1902, and that the date of each paper was the true date of its issue or publication. But jurisdiction of Sarah E. Wynn does not depend upon such an assumption. The court could hear further proofs of due publication of notice to her, besides said certificate of publication. The clerk's certificate of the mailing of notice to said defendant recites that a copy of the said notice was mailed to her on January 25, 1902, within ten days after its first publication. As January 25 was more than thirty days before the first Monday of March, it thus appeared that the first publication was made within the time required by law. The bill was filed on January 22, and the first publication therefore could not have been made earlier than January 22 nor later than January 25. The court had authority to hear still further proof to establish due publication and mailing, and it found that due notice of the pendency of the suit had been given said defendant Sarah E. Wynn by publication and by the mailing of notice.

The summons was returned as to the defendant Hosea E. Wynn served upon Hosia E. Wynn. We regard these as *idem sonans.* The court found that defendant Hosea E.

Wynn had been personally served with process more than ten days before that term of court. The bill averred and the decree found that before the bill was filed Hosea E. Wynn and his wife conveyed his interest in the mortgaged real estate to Robert D. Wynn. Hosea E. Wynn was therefore not a necessary party to the foreclosure suit. The fourth plea shows that Robert D. Wynn has released all errors herein. We are of opinion that the decree should not be reversed because of the error in spelling the name of Hosea E. Wynn in the return of the summons.

It is argued that the court violated certain of its rules in its proceedings in this cause. The record of this cause, certified by the clerk of the court below to be complete, except as to a missing entry of appearance by certain defendants, does not contain any rules of court. The clerk has appended to the record of this cause copies of certain rules and has certified that they are true copies and that they were in force at the March term, 1902. We are of opinion that the rules cannot in that way be established and incorporated into the record of a cause wherein no action pertaining to such rules was ever taken. No defendant asked for delay because of said rules. It is not shown that any defendant was injured because of said action. One of these rules required that evidence in default cases should be written up and certified by the official stenographer and filed with the clerk, and it is urged that the proof heard by the court after the receipt of the master's report should have been thus written up and filed. Such a transcript of oral proof could not be made a part of the record by the certificate of the official stenographer. It could only be made a part of the record by the certificate of the judge of the court. If such a transcript had been filed it would not have aided plaintiffs in error in a review of the case here. Moreover, there is nothing in this record to show that the court below had an official stenographer at the time when these proceedings were had.

The master's report set out in full the oral evidence heard by him, and the note and mortgage and tax redemption certificates essential to make complainant's case, and contained

a memorandum only of certain other documentary evidence offered, and it is argued that it was error not to set out all said documents in full in said report. As the decree recites that the cause was heard not only upon the report of the master, but also upon oral and documentary proofs produced and heard in open court, we must assume that this defect, if the omission of said documents from the master's report was a defect, was cured by their production in open court.

The decree contains one mistake. The bill averred that Leorah C. Wynn was the wife of William Wynn, and that she executed said mortgage; and that her husband willed her a sum of money in lieu of all her dower and homestead and other rights in his property. The proof showed that Leorah C. Wynn executed said mortgage as wife of William Wynn. The decree however named Sarah C. Wynn as the wife of William Wynn and the one who executed said mortgage. This is evidently a clerical mistake. Neither Leorah C. nor Sarah C. Wynn was made a party to this suit. As the decree finds that the wife of William Wynn accepted a bequest of money from him in lieu of all her interest in these lands, we are of opinion that this mistake in name does not call for a reversal of the decree.

The certificate of publication of the notice of the master's sale is substantially in the same form, except as to the number of weeks of publication, as the certificate of publication by the same publishers in the same newspaper already discussed. The considerations already suggested are in part applicable. The court found that the master had proceeded in due form of law and in accordance with the terms of the decree. We conclude that the objection to the certificate of publication of the notice of sale is unfounded. Objection is made to the amount of costs paid by the master. Apparently the amount is correct, but if not plaintiffs in error should ask the court below for a re-taxation of costs. The fee book is not in this record, and the record does not disclose what items were taxed as costs. The decree directed the clerk to tax the costs and the master to pay them, and the receipt of the clerk shows that the master paid what he taxed.

As we find no reversible error in the record, but little further need be said about the pleas. We hold that a next friend could sue out a writ of error for an insane person, if his conservator failed to act, and that if that course were irregular it would not bar a writ of error, and we sustain the demurrer to that plea. We overrule the demurrer to the second plea, for the reasons already stated. Issue of fact should not have been joined upon the third plea. The death of Sarah E. Wynn would not bar a writ of error in behalf of the interest she had owned. The fact of her death should have been presented by motion or by plea in abatement, and the other plaintiffs in error could then have amended by substituting the parties who succeeded to her interest. The joinder of an issue of fact upon said improper plea in bar raised an immaterial issue, which we disregard. It is argued that the fourth plea does not aver a consideration for the release of errors. It avers that the plaintiffs in error named in said plea released all errors "by their deed" duly signed, acknowledged and delivered. The term "deed" means a sealed instrument, and a seal imports a consideration. Anderson's Law Dict., title, "Deed"; Rendleman v. Rendleman, 156 Ill., 568. We overrule the demurrer to the fourth plea.

It is argued that there are many other slight inaccuracies in the record, but we find in them no reversible error.

The decree is affirmed.

*Affirmed.*