LIZZIE SINICA, Appellant, *v.* NEW YORK RAILWAYS COMPANY, Respondent.

First Department, February 6, 1920.

Motor vehicles — negligence — collision between automobile and trolley car — erroneous charge — contributory negligence of chauffeur.

Where the plaintiff while riding in an automobile was injured by a collision with the defendant's trolley car under circumstances which would have justified a verdict based upon the negligence of the defendant, it was reversible error for the court to charge in substance that the plaintiff in order to recover must show that the motorman driving the defendant's car was solely negligent and was the sole cause of the accident, for as the plaintiff had no control whatever over the chauffeur driving the vehicle in which she was riding she would have been entitled to recover although the negligence of the chauffeur contributed to the accident.

The error in said charge was not cured and a judgment based on a verdict for the defendant will be reversed, although the court of its own motion recalled the jury during their deliberation and correctly instructed them that there might be a recovery although the chauffeur were negligent, but, instead of admitting the error of its former charge, informed the jury that the original instructions were correct.

APPEAL by the plaintiff, Lizzie Sinica, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 24th day of June, 1918, upon the verdict of a jury, and also from an order entered in said clerk's office on the 30th day of October, 1918, denying plaintiff's motion for a new trial made upon the minutes.

*Joseph I. Green* of counsel [*Frieda Thomas*, attorney], for the appellant.

*B. H. Ames* of counsel [*Frederick Allis* with him on the brief; *James L. Quackenbush*, attorney], for the respondent.

MERRELL, J.:

This action was brought to recover damages for personal injuries sustained by the plaintiff on January 21, 1917, while a passenger in an automobile which collided with a cross-town street car operated by the defendant company, at the intersection of Fifth avenue and Eighty-fifth street, in the borough of Manhattan. The plaintiff, with several companions, was returning by automobile from a church wedding and was being driven down Fifth avenue, and in crossing Eighty-fifth street, through which the defendant's trolley line runs, the automobile in which plaintiff was riding collided with defendant's car, and the plaintiff received very serious injuries, for which she seeks to recover in this action. The evidence was sufficient to justify a verdict based upon the negligence of the defendant. The testimony of the plaintiff's witnesses was to the effect that as the automobile was proceeding southerly on the westerly side of Fifth avenue and as it approached Eighty-fifth street, the trolley car of the defendant, proceeding westerly on the northerly track on Eighty-fifth street at a high rate of speed, collided with the automobile in which the plaintiff was a passenger and caused the injuries which she suffered. Testimony was given on the part of the defense that the day was stormy, the avenue slippery, and that the automobile, which was a hired vehicle, the plaintiff having no control over the chauffeur or its operation, ran or skidded into the trolley car, and that the accident resulted, not from the negligence of the defendant or its servants, but entirely

from the negligence of the chauffeur driving the automobile in which plaintiff was a passenger.

Upon a careful examination of the testimony, it is enough to say that the evidence was sufficient to justify the jury in finding the defendant negligent and in returning a verdict in plaintiff's favor for compensatory damages. The jury found for the defendant. The plaintiff has appealed upon the ground that the verdict was against the weight of the evidence and was the result of erroneous instructions given the jury by the justice presiding at the trial.

In the course of its main charge the court instructed the jury in the following language:

" There are certain rules of law, very few and simple, applicable to the case. By those rules you must be bound, and when you understand that you will be in a position to apply them to the evidence in the case, and judge on that evidence where the negligence, if any, lies as between the litigants in this case.

" When I say that there is no claim on the part of the defendant that the plaintiff herself has been guilty of contributory negligence, there is no question about the plaintiff's freedom from any negligence; *but if the vehicle in which she was seated and propelled and guided by its chauffeur in a negligent manner, that is her misfortune.* The test here is, was this defendant negligent?

" * * * *So the plaintiff here has the burden of proving that the accident which befell her was due solely and exclusively to the negligence of the defendant. You will mark those words. The negligence of the defendant must have been the sole cause of the accident which resulted in the injury to the plaintiff. That is the law, gentlemen.*

" *Of course, it is your duty, as I have told you, to abide by that law and apply its rules to the evidence in this case. Was the accident due solely and exclusively to the negligence of the motorman of that street car? If it was, plaintiff is entitled to receive compensation for the injuries which she has sustained. If it was not, however lamentable the circumstances may have been to this plaintiff, she cannot recover.*

" * * * So that you will see, gentlemen, a corresponding duty reached or rested upon the motorman and upon the

chauffeur; and if you should decide upon the evidence here that the collision took place in the way described by the plaintiff's witnesses you will then have to determine the question of whose negligence it was. *If the driver of the automobile contributed by his negligence to the accident, plaintiff cannot recover. I repeat to you what I stated before as the rule of law, that before the plaintiff can recover, it must appear to your satisfaction by a preponderance of the credible evidence that the accident was due solely and exclusively to the negligence of the motorman who drove the car.*

" Gentlemen, those are the rules of law. You are the judges of the credibility of the witnesses. You can give credence to the testimony of any witness or refuse to give credence, just as you think proper. It is a matter solely within your discretion.

"*If you should come to the conclusion that the collision was due solely and exclusively to the negligence of the motorman and that the plaintiff is entitled to a verdict, you will then be confronted with the question of damages.* \* \* \*

" Gentlemen, I think that I have given you all that is essential coming from judge to the jury, and I submit the case to you.    (Italics in the foregoing quotation from the charge are the writer's.)

To such charge the plaintiff's counsel duly excepted as follows: " I respectfully except to that part of your Honor's charge in which it says to the effect that the plaintiff must show, in order to establish her case, that the motorman was solely negligent, and to the effect that if there is any negligence attributable on the part of the chauffeur, that the plaintiff may not recover."

In instructing the jury that the plaintiff, in order to recover, was required to show that the accident which befell her was due solely and exclusively to the negligence of the defendant, the court clearly was in error. Such instructions were most specific and positive, and were reiterated by the court. The jury was thereby required to render a verdict in favor of the defendant, unless they found that the accident occurred *solely* by reason of the negligence of the defendant, New York Railways Company. The evidence given upon the trial was such as to justify the jury in finding that not only was the

defendant negligent, but that the driver of the automobile was also guilty of negligence which contributed to the accident. The jury, under the charge of the court, were not permitted to find in favor of the plaintiff, if, in their judgment, the evidence justified a finding of negligence on the part of the chauffeur.

The law is well settled that the plaintiff would be entitled to recover a verdict for damages against the defendant, for the latter's negligence, notwithstanding the fact that the chauffeur of the car in which she was a passenger may have been guilty of negligence which contributed to the accident. The evidence clearly shows that the chauffeur was not under the control of the plaintiff in any manner. The plaintiff was entitled to recover for the concurring negligence of the defendant, notwithstanding the fact that the chauffeur's negligence may have contributed to produce the injuries sustained by her. In instructing the jury that negligence on the part of the chauffeur contributing to the accident barred a recovery against the defendant the court was clearly in error. (*Chapman* v. *New Haven R. R. Co.*, 19 N. Y. 341; *Lewis* v. *Long Island R. R. Co.*, 162 id. 52; *Ward* v. *International R. Co.*, 206 id. 83; *Little* v. *Hackett*, 116 U. S. 366.)

The jury was given the case in charge under such erroneous instructions and retired for deliberation. Subsequently, and after the jury had, for some time, deliberated under such erroneous instructions of the trial court, the trial justice, of his own motion, summoned the jury before him and further instructed them as follows: " Gentlemen of the Jury: There may arise some misunderstanding on your part from the words I used in my main charge, when I said the plaintiff could only recover where it was clearly shown that the negligence was due solely and exclusively to the motorman. Afterward in my charge and in response to a request that counsel for the plaintiff made, that language was explained and modified. I sent for you so that you would not be under any misapprehension, because of the words used by me, and I tell you the rule now by which you will be bound. *I repeat what I said before*, that if the collision was caused by the chauffeur's negligence alone in the manner claimed by the defendant, then the plaintiff cannot recover; but if the accident was the result of the negli-

First Department, February, 1920.    [Vol. 190.

gence of the motorman and of the chauffeur, that is, that the negligence of each contributed to the accident, then the plaintiff has a right to recover against the defendant. In other words, if the two, the motorman and the chauffeur, contributed to the accident by their respective negligence, then the plaintiff can recover in this case against the defendant, but if the accident occurred solely and exclusively through the negligence of the chauffeur, without any negligence on the part of the motorman, then the plaintiff cannot recover."

It is very evident that the trial justice finally realized that the instructions to the jury in the main charge were erroneous, and that the court had improperly charged the jury that the plaintiff could only recover where it appeared that the accident was due solely and exclusively to the negligence of the motorman of the defendant's car, and that the court recalled the jury for the purpose of curing such error. Nevertheless, the court, on resummoning the jury before it, failed to retract its prior erroneous instruction, but stated to the jury that it repeated what had been said before, but incorrectly stated that its former instruction was that if the collision was caused by the chauffeur's negligence alone then the plaintiff could not recover. No such instructions were given in the main charge, the court having specifically charged the jury that, although the defendant was negligent, there could be no recovery if the chauffeur was negligent. The court was in error, on recalling the jury, in stating that its initial charge had afterward, at the request of plaintiff's counsel, been explained and modified. Nothing of the kind occurred. The court had not in its main charge stated, as suggested to the jury upon being recalled, that if the collision was caused by the chauffeur's negligence alone in the manner claimed by the defendant, then the plaintiff could not recover. Such a charge would have been absurd, as plaintiff was only seeking a recovery against the traction company. The final correct statement of the law applicable to the case, that if the accident was the result of the negligence of the motorman and of the chauffeur and that the negligence of each contributed to the accident, then the plaintiff might recover, was diametrically opposed to any previous instruction which the court had given the jury. Unquestionably the final instruction of the

court was correct, but there was no sufficient or proper retraction of the original clearly erroneous instruction which the jury had received. Unquestionably the court might with propriety have retracted the erroneous instruction first given and have set the jury right, but this was not done. The jury were, in effect, finally given to understand that the instructions as originally given them were correct, and that the final instructions, directly opposite from those originally given, were simply to prevent a misapprehension on the jury's part. Thus the jury were left to wrestle with the questions of fact submitted to them under contradictory statements of the law applicable thereto. The jury did not receive that clear and correct exposition of the law applicable to the facts before them to which they were entitled in order to render a rational verdict in the case. Such error was clearly prejudicial to the plaintiff's rights and requires a reversal of the judgment entered upon the verdict in defendant's favor.

The judgment and order appealed from should be reversed and a new trial granted, with costs to the appellant to abide the event.

DOWLING, LAUGHLIN, SMITH and PHILBIN, JJ., concur.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.