## No. 11,082.

## ALSUP *v.* ALSUP.

Decided November 10, 1924.

Action on promissory notes. Judgment for plaintiff.

*Affirmed.*

*On Application for Supersedeas.*

1.  EVIDENCE—*Court Rules—Judicial Notice.* The supreme court does not take judicial notice of rules of the district court.

2.  APPEAL AND ERROR—*Court Rules—Bill of Exceptions.* To bring rules of the district court to the attention of the supreme court, they should be embodied in the bill of exceptions.

3.  *Refusal to Vacate Trial Order.* Refusal of the court to strike a case from the trial calendar, under the facts disclosed by the record, held to be without prejudice to the complaining party.

4.  *Court Rules—Disregard.* Unless harm results to the complaining party, the action of the trial court in disregarding its rules is immaterial.

*Error to the District Court of Delta County, Hon. Thomas J. Black, Judge.*

Mr. JOHN R. CHARLESWORTH, for plaintiff in error.

Mr. C. H. STEWART, Mr. MORTIMER STONE, for defendant in error.

*Department Three.*

MR. JUSTICE SHEAFOR delivered the opinion of the court.

J. T. ALSUP, plaintiff in error, was defendant in the court below. The defendant in error, Sarah Belle Alsup, as plaintiff in the court below, brought suit to recover on ten promissory notes, each for the sum of $1,000, and to foreclose a mortgage on certain real estate given to secure the payment of the notes. When suit was brought the first note only had matured, but pursuant to a provision

in the mortgage permitting her to do so, the plaintiff had elected to declare all the notes due. The trial court found for the plaintiff, and rendered judgment in her favor for the sum of $10,000 on the notes, and $1,000 for attorney's fees. The parties will be designated here as in the trial court.

The defendant has not complied with rule 23 of this court, which provides that "no supersedeas will be granted unless the record upon which the application is made be complete, and duly certified by the clerk of the court below, with assignments of error appended thereto." He has, however, set out in his brief and application for supersedeas three assignments of error, and to this brief and application he has attached what he claims as a copy of the rules of the district court, and calls attention to Rule 2 thereof. The alleged copy of the rules is not set out in the bill of exceptions. The assignments of error referred to are to the effect that the trial court erred in not sustaining the motion of the defendant to remove the case from the trial calendar of the July, 1924, term of the court; that the trial court erred in violating the rule of the court in regard to service of notice before placing the cause on the trial calendar and setting the same for trial at the July, 1924, term; and in forcing the defendant to a trial of the case at that time without preparation therefor, caused by the absence of defendant's counsel, due to no fault of defendant.

Rule 23 must be observed, and if we were intending to grant the application for supersedeas in this case we would do so only after compliance with the rule.

This court does not take judicial notice of the rules of the district court, and the alleged copy of the rules attached to defendant's application and brief should have been embodied in the bill of exceptions. *Kindel v. Le Bert,* 23 Colo. 385, 48 Pac. 641, 58 Am. St. Rep. 234. Notwithstanding the condition of the record, however, we shall examine the alleged errors for reasons which will be apparent as we proceed.

On July 25, 1924, the day the foreclosure suit was tried, the defendant presented to the trial court a motion to strike the cause from the trial calendar and to continue the case. The grounds set forth in the motion were that the plaintiff did not give defendant, or his attorneys, more than eight days notice prior to the commencement of the term of court that they would ask to have the cause placed on the trial calendar for that term; that they were entitled to full ten days notice before the commencement of the term, and that the notice given was insufficient, inadequate and illegal.

The trial court in passing upon defendant's motion said: "Well, I don't think this trial notice is sufficient, gentlemen. But under the state of the pleadings, and because of the fact that the woman has come from Missouri here, and because of the fact that she is without means except such as may be furnished her by friends or relatives, I am going to place the case on the trial calendar for trial forthwith," and the Court did so.

On June 5, 1924, Mr. Charlesworth, one of defendant's counsel, left the state and did not return until July 21. In the latter part of June of the same year, Mr. Gueno, the other counsel of defendant, underwent an operation in a Denver hospital where he was detained until July 23. The July term of the court convened on Monday, July 21. The notice to Charlesworth was mailed July 11. The notice addressed to defendant was mailed July 14. If we should take notice of the rule called to our attention, clearly the notices were not mailed in apt time, as held by the trial court. But if we concede that the court erred in placing the case on the trial calendar for the July term, was such error prejudicial to defendant and did it result in injury to him?

As Charlesworth did not return to the state until July 21, a notice to him, mailed earlier than it was, would have been unavailing. It does not appear that if the notice sent to defendant had been mailed in proper time it would have accomplished more or been of greater advantage to

defendant than the notice he received, for it appears from the record that he was in the county where the term of court was held when the notice was mailed to him; that he was in the county on July 25 when his motion was presented to the court; that Charlesworth, after his return, had communicated with defendant; that he conferred with his client the day before, July 24, and Charlesworth told him that the case was set for trial the following day; that defendant had to look after his cattle, as he had been ordered by the range inspector to take his cattle to another place and he was engaged in so removing them. But before setting the case for trial the court said: "Well, I have no objection to giving you a reasonable time to get him here." It thus appears that the defendant would have been given time to be present, but Mr. Charlesworth did not avail himself of that privilege on account of the absence of his witnesses. This brings us to a consideration of the need of defendant's witnesses in further determining whether there was prejudicial error committed by the court in refusing to strike the case from the trial calendar. It clearly appears from the record that there was no defense to the foreclosure suit.

The witnesses defendant desired were to be called to sustain his contention that plaintiff was to pay the attorney's fees contemplated in the contract of settlement, previously entered into between the parties, but it was plainly set forth in the contract that when all the notes were paid they should constitute a full and complete satisfaction of any and all alimony and counsel fees for and on behalf of the plaintiff, and while one note only had matured before suit brought, none of the notes had been paid. In these circumstances the witnesses, if present, could avail defendant nothing, and when the court called counsel's attention to that clause in the contract, Mr. Charlesworth asked that defendant be given thirty days in which to pay the note then due by its terms, the case be dismissed, and stated that defendant would pay the remaining notes as they matured. If we assume that there was such a rule as de-

fendant contends for, still, unless harm resulted to defendant, the action of the court in disregarding its rule was immaterial. *Steele v. Wynn,* 139 Ill. App. 428; *Dolan v. Stone,* 63 Kan. 450, 65 Pac. 641; *People v. Demasters,* 105 Cal. 669, 39 Pac. 35; *Sullivan, et al. v. Wallace, et al.,* 73 Cal. 307, 14 Pac. 789.

The defendant appears not to have been prejudiced in the slightest degree. Had the cause been stricken and continued it would have resulted in injury to plaintiff and in giving defendant further time for payment, to which he was not entitled.

There appearing no reversible error, the supersedeas is denied and the judgment affirmed.

MR. JUSTICE ALLEN, sitting as chief justice, and MR. JUSTICE CAMPBELL concur.