## DANZANSKY v. ZIMBOLIST.
### No. 7194.

United States Court of Appeals for the
District of Columbia.
Decided May 15, 1939.

458

Lawrence Koenigsberger, of Washington, D. C., for appellant.

Goldie S. Paregol and Lester Wood, both of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and MILLER and VINSON, Associate Justices.

MILLER, Associate Justice.

Appellee was riding, as a passenger, in an automobile belonging to appellant and driven by appellant's son, when it collided with another automobile. She suffered injuries as a result of the collision, and—following a trial—the jury in the lower court found a verdict in her favor against appellant. This appeal is from the judgment based thereon.

Error is assigned for the refusal of the trial court to strike the declaration and to dismiss the action, because of appellee's alleged failure to comply with the provisions of Section 2 of Law Rule 14 of the District Court.[1] This rule requires the inclusion in the initial pleading of the "street post office address" of the party on whose behalf the pleading is filed. The declaration in the present case showed appellee's address to be "C/o 473 'F' St., Southwest, Washington, D. C.", while appellant contends that she was in fact a resident of New York. The declaration was filed on April 28, 1936. Appellant filed his plea thereto on May 15, 1936, and issue was joined on May 20, 1936. But not until July 18, 1936—one day after expiration of the period fixed by the applicable statute of limitations—did appellant call the court's attention to the alleged false address and the claimed violation of Rule 14. The denial of the motion was not an abuse of discretion by the trial court. It will be noted that the rule does not require a statement of residence or domicil of the party, but, instead, the "street post office address." There is no contention here that appellee could not have been reached at the address given. It is not suggested that inconvenience of any kind was suffered by appellant as a result of an address being given in care of a Washington agent. Assuming that under some circumstances a declaration may be stricken for failure to comply with the rule, it is clear that it should not be so applied in a case where, as here, it would work manifest injustice.[2]

A number of assignments of error relate to the court's action in granting and refusing prayers for instructions, concerning negligence and causation, offered by appellee and appellant. Appellant's theory, with respect to these prayers, is that in order to support the verdict the evidence must have shown that the *sole* cause of the collision and the resulting injury was

[1] "(a) The initial pleading, motion, or paper, filed by plaintiff, defendant, or an intervenor, whether resident or nonresident, shall have added to the usual caption thereon the name and street post office address of the party on whose behalf the same is filed. The address so stated shall be deemed conclusive of the fact in that regard in the cause in which filed, until another and different written designation of address shall be filed in the cause, which later address shall then be given like conclusive effect.

*   *   *   *   *
"(c) Pleadings, motions, or papers, not conforming to the above requirements, shall not be accepted for filing or filed."
[2] See United States v. Breitling, 20 How., U.S., 252, 254, 15 L.Ed. 900; Baxter v. Boston-Pacific Oil Co., 81 Cal. App. 187, 189, 253 P. 185, 186. See also, Southern Pacific Co. v. Hamilton, 9 Cir., 54 F. 468, 474; Poultney v. La Fayette, 12 Pet., U.S., 472, 475, 9 L.Ed. 1161; Dolan v. Stone, 63 Kan. 450, 65 P. 641.

appellant's negligence, and that the court should have instructed accordingly. But that is not the law.[3] "The rule is settled by innumerable authorities that if injury be caused by the concurring negligence of the defendant and a third person, the defendant is liable to the same extent as though it had been caused by his negligence alone. 'It is no defense for a wrongdoer that a third party shared the guilt of the same wrongful act, nor can he escape liability for the damages he has caused on the ground that the wrongful act of a third party contributed to the injury.' " [4]

As a matter of fact, the instruction given upon this subject was more favorable to the appellant than was his right, for the court told the jury that it must find appellant's negligence to be the *proximate* cause of the injuries. The language of the Supreme Court in Miller v. Union Pacific R. R., supra, 290 U.S. at pages 236–237, 54 S.Ct. at page 175, 78 L.Ed. 285, is particularly pertinent upon this point: " ' * * * The truth of the matter is that the causes of the injury were concurrent. * * * The effect of the former had not ceased, but co-operated with that of the other in effecting the injury. In such case an inquiry about the proximate cause is not pertinent, for both are liable.' " In such a case, as here, it is sufficient that the negligence constitute *a contributing* cause.[5] "If the negligence of the company contributed to, it must necessarily have been an immediate cause of, the accident, and it is no defense that another was likewise guilty of wrong." [6]

Appellant contends, however, that because appellee "elected to file her action upon the theory that the defendant [appellant] is solely responsible for her injury, she is not entitled to a submission to the jury on the theory of concurrent negligence." But appellant misconceives the principle of concurrent negligence. As the court said in Bragg v. Metropolitan St. Ry. Co., 192 Mo. 331, 359, 360, 91 S.W. 527, 536, in overruling a contention similar to the one now urged: "In this class of cases, contributing to the injury on the part of a tortfeasor is, in the eye of the law, precisely the same as causing it. No gradation is tolerated. To say that A. and B. contributed to the injury of C. is one and the same thing as saying that A. caused the injury and B. did, too. The instruction struck at put it to the jury both ways and was well enough." [7] Properly read, Campbell v. District of Columbia, 64 App. D.C. 375, 78 F.2d 725, relied upon by appellant, is not inconsistent with the foregoing statement. Although the declaration in that case did not allege concurrent negligence, we stated the applicable rule to be that if there was evidence of such negligence it would be reversible error to charge the jury that the plaintiffs, in order to recover, must establish by a preponderance of the evidence that the negligence of the defendant "was the sole and proximate cause of the accident."

Appellant assigned as error the granting of the following prayer: "The jury is instructed, that if it finds that the defendant's driver violated either or both of the provisions of the traffic regulations relied upon by plaintiff, then such violation or violations was or were negligence in itself and if the jury believes from the preponderance of the evidence that the defendant's driver did so violate said traffic regulations and such violation or violations was or were the proximate cause of the injuries to the plaintiff, then its verdict must be for the plaintiff." This instruction, although somewhat awkwardly phrased, correctly states the law and was properly granted.[8]

---

[3] Sinica v. New York Rys. Co., 190 App.Div. 727, 180 N.Y.S. 377, 379–380; Newcomb v. New York Cent. & H. R. R., 169 Mo. 409, 422, 69 S.W. 348, 351–352; Flanagan v. Wells Bros. Co., 237 Ill. 82, 87, 86 N.E. 609, 611, 127 Am. St.Rep. 315.

[4] Miller v. Union Pacific R. R., 290 U. S. 227, 236, 54 S.Ct. 172, 174, 78 L.Ed. 285. See Metropolitan R. R. v. Jones, 1 App.D.C. 200, 205; Inland Power & Light Co. v. Grieger, 9 Cir., 91 F.2d 811, 816, 112 A.L.R. 1075; Restatement, Torts (1934) §§ 432(2), 439.

[5] Washington & Georgetown R. R. v. Hickey, 166 U.S. 521, 525, 527, 17 S.Ct. 661, 41 L.Ed. 1101. See 3 Cooley, Torts (4th ed. 1932) § 529.

[6] Grand Trunk Ry. v. Cummings, 106 U.S. 700, 702, 1 S.Ct. 493, 27 L.Ed. 266.

[7] See also, Grand Trunk Ry. v. Cummings, 106 U.S. 700, 1 S.Ct. 493, 27 L. Ed. 266.

[8] Capital Traction Co. v. Apple, 34 App.D.C. 559, 564, 567; Ewing v. Chase, 37 App.D.C. 53, 57; Union Pacific Ry. v. McDonald, 152 U.S. 262, 14 S.Ct. 619, 38 L.Ed. 434.

460

■ Appellant also assigned as error the court's action in granting, over his objection, the following prayer: "The Jury are instructed as a matter of law, that if they find from a preponderance of the evidence that the defendant was guilty of any one of the acts of negligence alleged in the declaration and that such negligence was the proximate cause of the injuries sustained by the plaintiff, Dora Zimbolist, then their verdict should be for the plaintiff."

He contends first, that this prayer tended to confuse the jury and to .impose upon it the task of determining which allegations in the declaration were allegations of negligence; and, second, that the jury should have been instructed as to what facts were necessary in order to justify a finding that appellant was negligent. The first objection fails because it appears from a reading of the whole charge that the court, at the commencement thereof, carefully set forth the respects in which appellant was alleged to have been negligent. Nor is appellant's second objection tenable. It would have been improper for the court to tell the jury what acts would or would not constitute negligence. Generally speaking, a court should instruct only as to the proper measure of due care, and leave it to the jury to determine, in view of all the evidence concerning the time, place, and circumstances—and in the light of the instruction—whether there was such a want of due care as to constitute negligence.[9]

■ Although the prayer as granted may be subject to criticism on the theory that it assumed as a matter of law that the acts alleged, if they were found to have occurred, constituted negligence, it is apparent from the context of the whole charge that the court thereby intended to tell the jury, merely, that it need find only one act of negligence and not each and every act alleged in the declaration in order to hold appellant liable. Any prejudice which might have resulted from the granting of the prayer, when considered by itself, was cured by the rest of the charge and was therefore harmless. It is axiomatic that the charge must be read as a whole with the view of determining the impression conveyed thereby to the jury.[10]

We have carefully examined appellant's other assignments and contentions and find them to be without merit.

Affirmed.

[9] Bowman-Hicks Lumber Co. v. Robinson, 9 Cir., 16 F.2d 240, 242, certiorari denied, 274 U.S. 736, 47 S.Ct. 574, 71 L. Ed. 1316; Davis v. Whitcomb, 30 Ga. App. 497, 118 S.E. 488. See Pittsburg, C., C. & St. L. Ry. v. Banfill, 206 Ill. 553, 69 N.E. 499; Indianapolis St. Ry. Co. v. Taylor, 164 Ind. 155, 160, 161, 72 N.E. 1045, 1047; Metropolitan St. Ry. Co. v. Warren, 74 Kan. 244, 86 P. 131, 89 P. 656; Finseth v. Suburban Ry. Co., 32 Or. 1, 10, 51 P. 84, 87, 39 L.R.A. 517.

[10] See S. S. Kresge Co. v. McCallion, 8 Cir., 58 F.2d 931, 934; American Glycerin Co. v. Eason Oil Co., 10 Cir., 98 F. 2d 479, 487, certiorari denied, 305 U.S. 640, 59 S.Ct. 107, 83 L.Ed. ——; Metropolitan Life Ins. Co. v. Armstrong, 8 Cir., 85 F.2d 187, 194.