ANNA ROBINSON et al., Appellants, *v.* CITY OF NEW YORK, Respondent.

First Department, February 25, 1958.

*Arnold V. Schwartz* of counsel (*Isador Aberlin,* attorney), for appellants.

*Eugene J. Keefe* of counsel (*Seymour B. Quel* with him on the brief; *Peter Campbell Brown, Corporation Counsel,* attorney), for respondent.

FRANK, J. In this negligence action the plaintiffs recovered a judgment against the defendants following a jury verdict. On appeal, the Appellate Term unanimously reversed the judgment and dismissed the complaint, holding that the plaintiff wife was contributorily negligent as a matter of law, and that no actionable negligence was established.

The defendant rested at the close of the plaintiffs' case. The facts as proven at the trial established that Mrs. Robinson entered the Manhattan terminal of the Staten Island ferry at a time when it was crowded with passengers hurrying to embark upon a vessel scheduled to leave at 5:00 P.M. As she was pushed along in the crowd, someone in front of her stepped aside, her foot struck an obstruction and she was precipitated to the floor. The plaintiff then observed that she had tripped over the foot or the habit of a nun seated in the approximate center of the terminal.

There was proof that for several days each week, over a considerable period of time, nuns were seated in the terminal to receive alms. Whether express permission was given for the seating of a person for the purpose indicated, or the condition was permitted to exist for a sufficient time to put the city on notice, is of no moment, for the court's instruction in that regard was adequate to present the question to the jury for determination.

Whether the plaintiff, in the exercise of due care, could have seen or should have seen the obstruction and whether the city in permitting the condition employed reasonable care were fact questions to be presented to the jury. Under the circumstances, the jury could properly find the defendant negligent and the plaintiff free from contributory negligence.

We cannot agree with the Appellate Term that as a matter of law there was no actionable negligence, or that the plaintiff, in view of the conditions existing during " rush hours ", should have seen the seated person and avoided contact.

If this were a case in which the plaintiff had an unobstructed view and had full freedom of movement then it would have been correct to hold that the plaintiff had been contributorily negligent as a matter of law (*Abair* v. *City of New York*, 295 N. Y. 789; *Weigand* v. *United Traction Co.*, 221 N. Y. 39). Here, however, there was testimony from which it could be concluded that the crowded condition of the terminal at the time of the accident obstructed plaintiff's view of the seated person and restricted her freedom of movement. Under the factual situation we may not say that as a matter of law, she

was guilty of contributory negligence. (See *Oliphant* v. *Interborough R. T. Co.*, 237 App. Div. 877, affd. 262 N. Y. 460; *Morrison* v. *New York R. T. Corp.*, 282 N. Y. 773.)

Though we must reverse, we cannot reinstate the verdict, but are constrained to order a new trial because of errors in the trial court's charge.

As stated, the defendant offered no affirmative evidence and the record contains no testimony that any employee of the defendant saw the accident. The court, nevertheless, charged that the failure of the defendant to call witnesses " could be construed as an indication that they may not have testified favorably ".

The instruction was erroneous, and the error was intensified rather than corrected when, upon exception being taken thereto, the court recharged on that point.

It is not always possible to obliterate an erroneous charge upon a material point by merely reinstructing correctly. Proper practice dictates that the error should be withdrawn in such explicit language as to preclude the inference that the jury might have been influenced by it (*Smulczeski* v. *City Center of Music & Drama*, 3 N Y 2d 498; see, also, *Chapman* v. *Erie Ry. Co.*, 55 N. Y. 579, 587; *Philips* v. *New York Cent. & Hudson Riv. R. R. Co.*, 127 N. Y. 657; *Sinica* v. *New York Rys. Co.*, 190 App. Div. 727, 733). Where, as here, no witnesses are called by the defendant, the failure to call a witness under the control of the defendant may justify giving greater weight to the testimony already in the case, but it never authorizes the jury to speculate as to the testimony which might have been adduced by one not called (*Milio* v. *Railway Motor Trucking Co.*, 257 App. Div. 640).

Since a new trial is required, it may be appropriate to direct attention to other incorrect instructions to which no exceptions were voiced. For example, it was inadvisable for the court to assume that all of the jurors were familiar with the terminal. Even if they were, it would not be correct to suggest that in evaluating the testimony of witnesses, otherwise uncontradicted, the jurors could depend upon their own observations of conditions, rather than rely exclusively on the testimony in the case.

The determination should be modified on the law and the facts, and a new trial granted, with costs to abide the event.

RABIN, J. P., VALENTE, McNALLY and BERGAN, JJ., concur.

Determination unanimously modified, upon the law and upon the facts, by reversing the provision thereof directing the dis-

missal of the complaint, with costs, and by ordering a new trial of the action, with costs to abide the event, and, as so modified, the said determination is affirmed and the judgment of reversal entered in the office of the Clerk of the City Court of the City of New York, County of New York, on February 18, 1957 is vacated.